## Green v. Green

(Decided February 26, 1913.)

### Appeal from Fayette Circuit Court.

1. Divorce—Judgment Granting Not Reviewable.—A judgment of a circuit court granting a divorce is not reviewable by the Court of Appeals.
2. Divorce—Alimony—Allowance.—In an action for a divorce, the right to alimony will follow if the wife is granted the divorce; and, although the facts proven may not justify the divorce, alimony may, nevertheless, be allowed her.
3. Divorce—Allowance of Alimony—What Court Is Not Called Upon in Determining.—In questions relating to alimony, the court is not called upon to compare the delinquencies of the parties so as to determine, with certainty, which was most at fault; but, where there is no moral delinquency upon the wife's part, it is a sufficient ground for giving her alimony that the husband, being the support of the family, was a substantial participant in the shortcomings which led to the separation.
4. Divorce—What Should Be Taken Into Account in Fixing Amount of Alimony.—In fixing the amount of alimony to be granted the wife, the husband's present and future prospects, as well as his ability to earn money, should be taken into account.
5. Divorce—Alimony—Allowance.—Where the husband and wife have been separated by a judgment of divorce, and the husband's estate justifies the payment of a lump sum as alimony, it is the better practice to so allow it.

SCOTT & HAMILTON, for appellant.

FORMAN & FORMAN, for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming on appeal and reversing on cross-appeal.

The appellant, Attilla Lee Green, and the appellee, Whitney H. Green, both of Franklin County, were married on February 25, 1903. He was an only child of a farmer; and upon his marriage he took his wife to live with his parents, where they resided until the fall of 1909, when they moved to Alton, not far distant. This removal seems to have arisen from trivial differences between appellant's parents and his wife. Appellant's father had originally opposed the marriage, and it de-

veloped that time failed to entirely remove that feeling, since it was upon the father's suggestion that appellant and his wife moved to Alton.

While the testimony of appellant's father indicates, in a general way, that the ground of his impatience with his daughter-in-law was, at most, a mere rudeness upon her part, we think it more likely that this disagreement was the result which usually follows when the husband requires his wife to live with her husband's parents, beyond a reasonable time.

Shortly after beginning housekeeping at Alton, appellee became ill with typhoid fever, and having no servants, and no one to do her work, she was removed to the home of her parents, which was near the Green farm. This course was taken upon the recommendation of the attending physician, and was approved by appellant, who went with his wife to her parents' home, and remained there as one of the family for some time. However, according to appellant's claim, he was so treated and abused by the Hostetters—the parents of the appellee—that he was practically driven from their home on the night of December 3, 1909, while his wife was still stricken with typhoid fever. The Hostetter family deny this charge. At any rate appellant left their home on that night. On the next day appellant sent for his clothes, and remained away from his wife for several days, but finally returned, at the urgent request and demand of the appellee's brothers, to the extent of making frequent visits. These visits continued for a week or ten days. Appellee did not recover from the fever until some time in January, 1910, and after that time appellant not only ceased to visit his wife or to communicate with her, but in the month of February he sued appellee's father and mother for the alienation of his wife's affections. See Hostetter v. Green, 150 Ky., 551.

On October 6, 1911, appellee instituted this action to require appellant to pay her $50.00 per month for her support and maintenance, the basis of the action being abandonment of her by the appellant on December 3, 1909. Appellant answered, and for counterclaim alleged that appellee had abandoned him on said date, and prayed that he be divorced from the appellee. On November 2, 1911, appellee amended her petition, in which she prayed for an absolute divorce from appellant, and for $5,000.00 alimony. Upon a trial of the case the

chancellor granted the appellee an absolute divorce from the appellant, with alimony at the rate of $10.00 per month, and an attorney's fee of $250.00; and from that judgment the defendant prosecutes this appeal. The appellee has taken a cross-appeal from so much of the judgment as granted her only $10.00 per month alimony, and from so much thereof as allowed her an attorney's fee of only $250.00, instead of $300.00 as claimed. Furthermore, appellee has made a motion in this court for a fee for her attorneys for services in this court, and said motion is now under submission with the case, upon its merits. She further insists that her alimony should be awarded in a lump sum, rather than by a monthly allowance.

Although the judgment of the circuit court granting a divorce to the wife is not reviewable here, appellant contends that the evidence upon which the divorce was granted appellee should be considered on her application for alimony; that under the evidence she was not entitled to a divorce, and, therefore, is not entitled to alimony. This, however, is not the rule in such cases, for although the wife be in fault, yet if there be equal or some fault on the part of the husband, the wife, having no estate of her own, may have alimony, even where the divorce is given to the husband. Pore v. Pore, 20 Ky., L. R., 1980, 50 S. W., 681. In that case the husband sued the wife for a divorce upon the ground of abandonment on her part, and she answered admitting the abandonment, but charging it was due to cruelty upon his part. And, although the court there gave the husband a divorce, it nevertheless gave the wife a judgment for $400.00 alimony. And, in Griffin v. Griffin, 8 B. Mon., 120, the court laid down this rule:

"The law, with due consideration for the frailty of human nature, does not require the conduct of the wife to be entirely blameless, to entitle her to alimony. But when it is evident that she has been the chief cause of all the disturbance and scenes of violence in the family, and has pursued a systematic course of petty annoyances, with a view, as expressed by herself, to harrass her husband and drive him to desperation, to sustain her claim to alimony under such circumstances, would be to encourage family dissensions, and contemptuous disregard of those duties imposed by the marriage relation."

If the wife were required to be entirely without fault before she could ask a support from her husband, it would work a great hardship upon the wife, and give an undue advantage to the equally faulty husband, since divorces are generally the result of imperfections of character of both husband and wife.

In Tilton v. Tilton, 16 Ky., L. R., 539, 29 S. W., 290, the court said:

"We understand the rule to be that, in an action for a divorce, the right to alimony will follow if the wife is granted the divorce, and that while the facts proven may not justify a divorce, alimony may, nevertheless, be allowed; and while this court has no power to reverse a judgment of divorce, if the husband was not entitled to it, alimony will be given the wife if otherwise entitled."

In questions relating to alimony the court is not called upon to compare these imperfect sympathies so as to determine, with certainty, which was most at fault; but where there is no moral delinquency upon the wife's part, it is a sufficient ground for giving her alimony that the husband, being the support of the family, was a substantial participant in the shortcomings which led to the separation. Lacey v. Lacey, 95 Ky., 110; Alderson v. Alderson, 113 Ky., 839; Zumbiel v. Zumbiel, 113 Ky., 841; Clubb v. Clubb, 23 Ky. L. R., 650, 63 S. W., 587.

In fixing the amount of alimony, the husband's present and future prospects, as well as his ability to earn money, should be taken into account. This question was discussed at length in Muir v. Muir, 133 Ky., 125, and the doctrine there announced was reaffirmed in the late case of Shehan v. Shehan, 152 Ky., 191. The appellant owns 229½ acres of land in Franklin County, valued by his father at $50.00 per acre, or $11,475.00. He has personal property worth perhaps $1,500.00, and a small tract of land near the home farm, which he recently inherited, worth perhaps $250.00 more, making his total estate about $13,225.00. From this there should be deducted three notes, for borrowed money, aggregating $2,110.00, and a debt to Morris & Maccoun of $100.00; making a total indebtedness of $2,210.00. To this indebtedness there should be added, perhaps, $500.00 subscribed by appellant for the building of a road, which is not yet built, and his attorneys' fees in this case, making, say $1,000.00 additional indebtedness, (which is in

part contingent) and a maximum indebtedness of $3,210.00. This would leave appellant worth at least $8,000.00 or $9,000.00 after the payment of his debts. He is a young man, 43 years of age, with no one dependent upon him, while his wife is a delicate woman, unable to do very much in the way of earning her living. They have no children. In considering the amount of alimony, to be allowed, and its character, whether in monthly installments, or in a lump sum, we used the following language in Hooe v. Hooe, 122 Ky., 598.

"In respect to the allowances asked for, it appears that the real property of appellee is reasonably worth $13,000.00, and his wife has no estate; and under all the circumstances we have concluded that it will be better and more satisfactory to both parties if a lump sum is awarded, as the husband will then know what he must pay, and the wife what she will have for her support. Gooding v. Gooding, 104 Ky., 755, 47 S. W., 1090, 48 S. W., 432, 20 Ky. L. R., 955. We think $3,000.00 for the wife, $500.00 for the child, and $500.00 attorney's fees a fair allowance, and the court will make and enforce such orders as may be necessary to secure the payment of these sums."

And, in Thompson v. Thompson, 27 Ky. L. R., 516, 85 S. W., 730, the court said:

"Under all the evidence we are satisfied that he was worth not less than $3,500.00 after the payment of his debts. Considering his interest in his father's estate, and considering the fact that he had capacity to earn money, while his wife had little or none, and the circumstances of his separation from the plaintiff, we conclude that a reasonable allowance to the wife for alimony is $1,000.00, and that this should be adjudged her."

Again, in Irwin v. Irwin, 107 Ky., 24, we further said:

"And, in view of the separation, we deem it also best for the parties that there should be as little contact and consequent friction as possible. We have concluded, therefore, to allow appellee a lump sum in lieu of all future payments of alimony. And, as appellant is not shown to have any other estate than the property adjudged to him, that sum is fixed at one-third the value of the real estate in controversy."

See, also, Boreing v. Boreing, 114 Ky., 533.

Where the husband and wife have been separated by

a judgment of divorce, and the husband's estate justifies the payment of a lump sum as alimony, we think it the better rule to so allow it. It promotes the peace and happiness of both parties by having their financial relations terminated by a single payment of alimony, rather than raise further irritations by possibly repeated efforts to recover it by judicial proceedings. Applying that rule in this case, and in view of the estate of appellant, and his ability to earn money, we think $2,000.00 is a fair lump sum which he should pay appellee as alimony.

The fee of $250.00 for appellee's attorneys is a fair compensation for the work that was required in the case in the lower court and in this court; and in view of the fact that they are entitled to a fee for representing her in this court upon the appeal of the appellant, that part of the judgment will not be disturbed.

The judgment of the lower court is affirmed upon the appeal, and reversed upon the cross-appeal, with instructions to set aside so much of the judgment as allows appellee alimony at the rate of $10.00 per month, and to enter a judgment for appellee for $2,000.00 in full of her claim for alimony.