### Asbury v. Asbury.

(Decided November 11, 1927.)

### Appeal from Wolfe Circuit Court.

1. Divorce.—Where wife brings suit for divorce, and is entitled thereto, it follows that she is entitled to alimony.
2. Divorce.—Wife, bringing suit for divorce, even if not entitled to divorce, held nevertheless entitled to award of alimony, where she was not guilty of moral delinquency, and her husband was at least a substantial participant in the shortcomings which he claimed led up to their separation.

A. F. BYRD, F. T. ALLEN and LEEBERN ALLEN for appellant.

G. B. STAMPER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellee brought this suit for divorce and alimony against the appellant, who by a counterclaim also asked for a divorce. The judgment appealed from in this action awarded the appellee certain personal property and a right of occupancy of certain real estate by way of alimony, but reserved the question of divorce for future adjudication. The appellant in his brief concedes that the evidence would not justify granting either party a judgment for divorce. It would serve no good purpose to set that evidence out in full. The only question we have before us is whether the court properly awarded the appellee alimony, and, if so, was the allowance made too large. In Tilton v. Tilton, 16 Ky. Law Rep. 538, 29 S. W. 290, we held that in a divorce case, while the evidence may not establish a right to a divorce, yet alimony may nevertheless be allowed. In Green v. Green, 152 Ky. 486, 153 S. W. 775, we said:

> "Where there is no moral delinquency upon the wife's part, it is a sufficient ground for giving her alimony that the husband, being the support of the family, was a substantial participant in the shortcomings which led to the separation."

See, also, Yeager v. Yeager, 197 Ky. 353, 247 S. W. 5.

In this case, appellant concedes that he is not entitled to a divorce. We do not pass on the question whether the appellee is or not, as the lower court has reserved that question for future adjudication. If she is entitled to a divorce, it follows that she is entitled to alimony. Tilton v. Tilton, supra. But, even if she is not entitled to a divorce, yet she may be entitled to alimony. The evidence shows that the appellant, at least, was a substantial participant in the shortcomings which he claims led up to the separation between him and his wife. No moral delinquency is shown upon her part. The award of alimony, therefore, was proper; nor can we say it was excessive. Some of the property awarded by way of alimony is shown to be the property of the appellee anyhow, and the rest of the property, together with the right of occupancy of certain realty, is quite modest in value. The judgment of the lower court is affirmed.