## Moore v. Moore.

(Decided December 3, 1929.)

STEPHENS & STEELY for appellant.

J. D. TUGGLE and R. L. POPE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This action was originally brought by Flora Moore against her husband, W. J. Moore, to recover alimony. Afterwards she filed an amended petition seeking a divorce in addition to alimony. On final hearing she was granted a divorce and awarded alimony in the sum of $1,500. W. J. Moore appeals, insisting that alimony was improperly awarded.

A reversal is asked on the ground that appellee was not a competent witness, that the grounds of divorce were not properly pleaded, and that the proof was not sufficient to show cruel and inhuman treatment for a period of six months. We do not have to rely upon appellee's evidence for a true picture of the situation as developed on her marriage to appellant. At that time appellant was living with his sister, Ethel Rose, and her husband. The other evidence makes it clear that Mrs. Rose bitterly resented the marriage of her brother and declared her feeling from the very first. On the next day after the marriage appellant took appellee to the home of a relative to spend the night and went back to his own home, as he claims, for the purpose of dividing the things with Ethel. It does not appear that any division was made, and he did not return for appellee as he stated he would. Two or three days later a dispute arose between appellee and Mrs. Rose over some gifts appellant brought home. The dispute ended in a fight. Two or three days later a second fight occurred, and the circumstances were such that appellee called to a neighbor for help. While he claims to have been neutral on these occasions, his duty to his wife called for something more than mere neutrality. He owed her the duty to protect her from insult and injury in the home to which he had brought her. Instead of doing this, he suffered and permitted her to be threatened, mistreated, and attacked in his presence, and subsequent developments plainly show that he sympathized and took sides with his sister rather than his wife, and actually ordered his wife to leave his home. Where this is the case, the facts are sufficient to justify an award of alimony, although they may not have been

sufficient to sustain a divorce. Hulett v. Hulett, 80 Ky. 364; Steele v. Steele, 96 Ky. 382, 29 S. W. 17, 16 Ky. Law Rep. 517. Moreover, it has long been the settled rule in this state that, where a divorce is granted upon the application of the wife, alimony follows as a matter of course, unless it appears from the record that she was solely at fault, or guilty of such moral delinquency, as to forfeit her right to alimony, Griffin v. Griffin, 8 B. Mon. 120; Tilton v. Tilton, 29 S. W. 290, 16 Ky. Law Rep. 539; Green v. Green, 152 Ky. 486, 153 S. W. 775; Hoffman v. Hoffman, 190 Ky. 13, 226 S. W. 119; Kelly v. Kelly, 183 Ky. 180, 209 S. W. 335; a situation not presented by the record.

Besides some personal property, appellant owns a small farm, which is estimated by the witnesses to be worth from $2,000 to $10,000. We are of the opinion that a fair valuation of his estate is $4,500, and that the allowance of alimony in the sum of $1,500 is not excessive.

Judgment affirmed.