## Duff v. Duff.

(Decided April 30, 1937.)

M. C. BAGLEY for appellant.

J. H. ASHER for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Leslie circuit court. The appellant, A. J. Duff, and the appellee, Sylvania Duff, were married in September, 1886, and lived together as man and wife until October, 1934. On the 5th of December, 1934, Mrs. Duff filed this suit asking for alimony in the sum of $50 per month. By an amended petition she asked for a recovery of $3,000 lump sum in alimony, for a reasonable monthly payment, and for a divorce from Mr. Duff on the ground of cruel and inhuman treatment. By his answer and counterclaim, Mr. Duff denied the alleged cruel and inhuman treatment and asked for the restoration of certain property which he says was acquired by Mrs. Duff through him in consideration of the marriage. On final submission of the case the chancellor granted Mrs. Duff an absolute divorce and alimony in the lump sum of $1,000. The chancellor refused to restore to the defendant the property claimed by him in his counterclaim, but did direct that Mr. Duff was entitled to the possession of the home formerly occupied by both parties in Hyden, Ky. A motion for a new trial was filed, and thereupon the chancellor modified his previous judgment, in so far as it affected the alimony, by refusing to allow Mrs. Duff any money recovery, but in lieu thereof gave her the use of the house and premises at Hyden, Ky., for a period of five years with a provision that at the end of that time the court would hear additional evidence concerning the situation and condition of the parties and make further orders in relation to alimony or support as might at that time be just and proper. The court found that the value of the use of the property was $20 a month and therefore declined to award an allowance in cash in addition thereto. Mr.

Duff has appealed from the last judgment. Mrs. Duff has prosecuted a cross-appeal in which she asks for an allowance of $20 per month in addition to the occupancy of the house.

It is argued for Mr. Duff that the evidence falls short of establishing a right to a divorce and that therefore the allowance of alimony was improper. In Green v. Green, 152 Ky. 486, 153 S. W. 775, 777, we said:

"Where there is no moral delinquency upon the wife's part, it is a sufficient ground for giving her alimony that the husband, being the support of the family, was a substantial participant in the shortcomings which led to the separation."

This rule has been applied in other cases. See Asbury v. Asbury, 221 Ky. 744, 299 S. W. 723; Yeager v. Yeager, 197 Ky. 353, 247 S. W. 5; and cases there cited. There was clearly no moral delinquency on the part of Mrs. Duff and conceding, without deciding, that the court should not have granted her a divorce on the facts proven, this would not bar her right, under the facts here adduced, to an allowance from her husband's estate.

The only remaining question, therefore, on both the original and cross appeal, is whether or not the adjustment of property rights made by the chancellor was a proper one.

The proof does not indicate the total estate owned by the husband. It does show that he is possessed of a house and lot in Hyden, worth possibly $3,000, two small tracts of land in Leslie county with timber on them, and 350 acres of other property in the county. It is not clear whether this 350 acres includes the two timber tracts or is in addition thereto, but the total is estimated by Mrs. Duff to be of a value in the neighborhood of $3,000, and Mr. Duff does not dispute this figure. At the time when the parties separated Mr. Duff is claimed to have had between $800 and $900 in cash, which he took with him. He claims that when he went away he left a county warrant with Mrs. Duff worth $396, six head of cattle, eleven hogs, a pair of mules, a wagon, fifteen tons of hay, seventy-five bushels of corn, and 300 bushels of coal, which he says was worth about $1,500. It is shown that Mr. Duff served as jailor of Leslie county for three terms and that Mrs. Duff served as jailor for one term. It is further shown that the parties operated a board-

ing house in their home at Hyden and that Mrs. Duff also received some income through services in the neighborhood as a midwife. She ·testified that the 150-acre tract which Mr. Duff seeks to have restored to him in his counterclaim was purchased by her from her own earnings. Mr. Duff denies this, but no other proof is introduced by either party on this subject.

Both parties are in the neighborhood of 70 years of age, and neither is in robust health. Mr. Duff apparently has no regular occupation at the present time, although he seems to have managed to take care of himself without the use of the Hyden property.

In Yeager v. Yeager, 197 Ky. 353, 247 S. W. 5, 7, it is said:

> "We have frequently held that in fixing the amount of alimony the court should consider ·the amount of the husband's estate; his income and earning capacity; his age, health, and ability to labor; the age, health, and station of the wife; the particular cause of the divorce; the relative responsibility of the parties therefor; whether or not the wife has helped in accumulating the husband's property; and all other relevant circumstances. Shehan v. Shehan, 152 Ky. 191, 153 S. W. 243; Burns v. Burns, 173 Ky. 105, 190 S. W. 683, and the many cases cited therein."

Taking into consideration the fact that the husband's earning capacity is about at an end, and considering further the property which he has already turned over to his wife, it does not seem improper that the chancellor has refused to fix a cash allowance to the wife. With the possession of the home in Hyden, it seems probable from the proof that she will be able to take care of herself. It must not be overlooked that it is Mrs. Duff who is the moving party in this unfortunate situation and that it is she who has asked and obtained a divorce. To give her less than the chancellor has decreed would be to take away her opportunity for self-support. To give her more would be unfair to Mr. Duff, unless he has considerably more property than the record discloses. A reconciliation of these parties would be the happiest solution. They have labored together in the heat of the day, and it is tragic that they must approach the evening of life alone and embittered

and without the companionship and affection of each other. Neither party is wholly without blame. Each must accept a part of the responsibility for the breach. It seems to us that the adjustment of property rights made by the chancellor is as equitable as can be devised at this time. The judgment itself provides for the hearing of further evidence as to the situation of the parties at the end of five years. At that time circumstances may require a different arrangement.

The judgment is affirmed on both the original appeal and the cross-appeal.