## Taylor v. Taylor.
(Decided May 31, 1938.)

C. G. YAGER and WOODS & WOODS for appellant.

W. D. O'NEAL for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming in part and reversing in part.

Premised upon the statement that "unfortunate differences" had arisen between the parties rendering it impossible for them to live together as husband and wife, the appellant and appellee, on May 23, 1935, executed a separation agreement. The husband agreed to convey to the wife certain property; to pay her one-fourth of his income for her maintenance and support "so long as she remains unmarried"; to pay one-fourth of his income to their daughter until she should become self-sustaining; and to make certain payments of interest and principal of the indebtedness owing on one of the pieces of property conveyed to the wife. He was to retain the home furnishings. For these considerations the wife released the husband "from all obligations of future support for herself" and relinquished all other present and future claims upon any of his property then owned or thereafter acquired, "and all claims for allowance or support, and all rights and claims of every kind and nature arising or growing out of said marriage relations." She agreed not to incur any liabilities chargeable to him "and that in case action for divorce should hereafter be instituted by either party hereto she will not ask or apply for any allow-

ance or attorney fee or any alimony either temporarily or permanent but the sum this day paid to her and the conveyance of the real estate above mentioned and the agreement and promises of the said Thomas E. Taylor to make her the monthly payments above provided for shall be in full satisfaction of all such claims and demands as well as of support, rights of dower, inheritance and distribution''. The husband relinquished all claims to any property the wife owned or might in the future acquire. He performed the contract fully, except that about a year afterward he defaulted in the monthly payments of one-fourth of his income to her and never made any further remittances.

On February 5, 1937, Mrs. Taylor filed suit against her husband on this defaulted portion of the contract and prayed that she have judgment according to its terms. The defendant, by answer, sought to avoid the rendition of a judgment against him, and to be relieved from the further performance of the contract, upon the allegations that it is unjust and unfair and gives to his wife more than she would have been entitled to had she obtained a divorce, and because it was "procured by the plaintiff by unfair means and coercion", the nature and character of which is fully stated. The defendant sought to be relieved upon the further ground of his crippled condition and bad state of health, because of which, and the illness and maintenance of his daughter, he had necessarily incurred considerable debt. He prayed that the contract be cancelled, or, if that could not be done, that it be modified and an equitable adjustment be made between the parties.

A few days after the defendant's deposition was taken by the plaintiff as on cross examination, Mrs. Taylor filed a suit for divorce upon the grounds of (1) a confirmed habit of drunkenness of not less than one year's duration, accompanied with a wasting of her husband's estate and without any suitable provision for her maintenance; and (2) his habitual behavior in such cruel and inhuman manner as indicated a settled aversion to her. Section 2117, Statutes. An amended petition was filed in which the separation agreement was set up, together with its breach, as stated in the other suit. It is averred that the relief sought by way of alimony was about the same as in the other action, and if the plaintiff could be awarded that relief she would dismiss so much of the divorce suit as sought alimony.

The prayer of this amended petition is that the suits be consolidated "and that the property and payments set out in the contract be adjudged to her as alimony." The defendant's answer was made a counterclaim for divorce upon the grounds of abandonment and cruel treatment by the wife such as to indicate her settled aversion to him. He likewise pleaded in this suit his reasons for entering into the contract. and his breach thereof. He pleaded the agreement as a bar to recovery of alimony and costs.

The cases were consolidated and then the defendant moved that the plaintiff be required to elect which of the two inconsistent pleas she would rely upon, that is, the enforcement of the contract or her claim for alimony. The motion was sustained and the plaintiff was required to elect. To this she saved an exception and then elected to proceed with her claim for alimony.

The chancellor dismissed the petition and counterclaim, but put the costs upon the defendant, including a $50 fee for her attorney. His memorandum opinion is:

> "It appears from the evidence that the defendant drank and gambled, but always kept up his home and family; that the plaintiff nagged and was inconsiderate of the defendant. From the evidence I cannot find that defendant's conduct toward the plaintiff was any worse than her conduct toward him."

The wife prosecutes an appeal from the judgment entered thereon. The husband does not prosecute a cross appeal.

We have fully considered the evidence and concur in the conclusion of the chancellor. It would be of no use to anyone to recite the evidence. It properly follows that no alimony should have been allowed.

However, the court is of opinion that the chancellor should not have required the plaintiff to elect. The prayer of her amended petition was an abandonment of any claim for maintenance or alimony other than as provided in the separation agreement and it does not seem to us that such claim is inconsistent with the prayer of the suit on the contract. Moreover, the motion to require an election came after the defendant had made defense, and under the provisions of Sections 85 and 86 of the Civil Code of Practice he had waived any misjoinder of actions. Bannon v. Patrick Bannon

806

Sewer Pipe Co., 136 Ky. 556, 119 S. W. 1170, 124 S. W. 843. We think the court should have tried out the issues made as to the avoidance of the separation agreement. The parties are entitled to take proof upon those issues.

To the extent that the judgment denied the divorce it is affirmed. To the extent that it did not adjudicate the rights of the parties under the separation contract, it is reversed and upon that branch of the case is remanded.