## Hayes v. Hayes.

(Decided Nov. 9, 1938.)

HILL & HOBSON for appellant.

W. S. WALLEN for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellant and appellee were married January 5, 1905, and lived together as husband and wife until February 19, 1936. Eight children were born to this marriage, five of whom were living at the time of the separation. The youngest of the living children was then 20 years of age, and lived with her parents. On August 18, 1936, the appellant, Vina Hayes, filed a petition in equity in the Floyd circuit court, in which she alleged that the defendant, Garrett Hayes, had, for more than six months prior to the separation, behaved toward her in such a cruel and inhuman manner as to indicate a settled aversion to her and to destroy permanently her peace and happiness, and that by reason of such treatment she had been forced to leave him. She did not pray for a divorce, but asked for alimony in the sum of $5,000, and that she be adjudged to be the owner of an undivided one-half interest in a tract of land containing approximately 103 acres which she alleged had been purchased by her and the defendant and paid for by their joint efforts. The defendant answered traversing the material averments of the petition and alleging that the plaintiff had abandoned him on February 19, 1936, without fault on his part, and he asked that her petition be dismissed. On October 7, 1936, he filed an amended answer and counterclaim asking for an absolute divorce from the plaintiff on the ground of cruel

and inhuman treatment, and on February 27, 1937, he filed a second amended answer and counterclaim asking for a divorce on the ground of abandonment. A reply traversed the affirmative averments of the answer as amended. Proof was taken, and the case was referred to the master commissioner, who made a report recommending that the plaintiff's petition be dismissed. On June 16, 1937, the court overruled plaintiff's exceptions to the commissioner's report, and rendered a judgment dismissing her petition and denying alimony to her. It was adjudged that the defendant was the owner of the 103 acres of land described in the pleadings and the evidence, but, since it appeared that the plaintiff had aided in paying for the property, it was ordered, subject to the further orders of the court, "that she is entitled to one-half of all royalties accruing from said property on and after July 1st, 1937, and the Kentucky West Virginia Gas Company is now ordered and directed to pay such royalties, accruing after July 1st, 1937, on all property owned by the defendant in Floyd County, Kentucky, in the following proportions: one-half to the defendant, Garrett Hayes, and one-half to the plaintiff, Vina Hayes." It appears that these royalties amount to only a nominal sum. The land is worth approximately $4,000. The question of divorce on the ground of abandonment of defendant by the plaintiff was passed to a subsequent term of the court. The record does not disclose what transpired at the next term of court, but we are informed in briefs that a judgment was rendered in favor of the defendant granting him an absolute divorce from the plaintiff on the ground of abandonment. The plaintiff has appealed from so much of the judgment rendered June 16, 1937, as dismissed her claim for alimony. The judgment of divorce is not involved, and we are not concerned with the evidence except for the purpose of determining the appellant's right to alimony.

The evidence for the appellant shows that she was a devoted, industrious wife, and contributed materially out of her earnings to the support of the family. Neither appellant nor appellee owned any property at the time of their marriage. He inherited a small tract of land from his father, and later purchased four adjoining tracts. Appellant claims that she gave her husband money from time to time to apply on the payments for

the land, but this is denied and the dates and amounts of such payments, if any, are not disclosed. It does appear, however, that appellant to a large extent supported the family out of her own earnings, and thus indirectly, at least, enabled her husband to purchase and pay for the land. He worked as a coal miner and as a laborer in the oil and gas fields, and frequently was absent from his home for a long period of time. His wife and children did the work on the farm. In addition to working in the fields, Mrs. Hayes took in washing and for many years kept boarders. Her receipts from boarders often amounted to several hundred dollars a month. Four of the children appeared as witnesses for their mother, and one for her father. Many of their neighbors testified also, but, in the great mass of testimony, we are able to find but little bearing on the question of cruel and inhuman treatment. It is apparent, however, that appellee had lost all affection for his wife, and that during recent years her life with him had been unpleasant. The proof on the question of abandonment is conflicting, but the preponderance of the evidence supports the appellant's claim that appellee notified her not to return to his home shortly after she went to her mother's home on February 19, 1936. We think the facts were insufficient to entitle the appellee to divorce on the ground of abandonment, but, even if the conduct of the appellant was not entirely blameless, it was not of such character as to deprive her of the right to alimony. The appellee's attitude toward his wife undoubtedly was the impelling cause of the separation. As was said in Green v. Green, 152 Ky. 486, 153 S. W. 775, 777:

"In questions relating to alimony the court is not called upon to compare these imperfect sympathies so as to determine, with certainty, which was most at fault; but, where there is no moral delinquency upon the wife's part, it is a sufficient ground for giving her alimony that the husband, being the support of the family, was a substantial participant in the shortcomings which led to the separation."

Under all the circumstances, we think the appellant is entitled to alimony in the sum of $1,300, payable in monthly installments of $15 each, and in the event appellee dies before the last installment is paid then all installments shall be precipitated and become due as of that date.

The judgment is reversed, with directions to enter a judgment in conformity herewith. .