## Combs v. Combs.

May 21, 1943.

Napier & Napier for appellant.

J. E. Campbell for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Appellee was granted an absolute divorce from appellant on the grounds of lewd and lascivious conduct and adultery. Appellant's counterclaim seeking a divorce and alimony on the ground of cruelty was dismissed. Each party sought an adjudication of property rights; and the Chancellor disposed of this branch of the litigation by freeing appellee's title to certain real estate owned by him but standing in the joint names of the parties, and by awarding appellant certain articles of personalty, one-half of the cash value of an insurance

policy, and real estate worth the amount which the Chancellor found represented the small sum of money possessed by appellant at the time of her marriage, plus her earnings. The custody of the children, both of whom are nearly grown, was reserved by the Chancellor for further consideration. Appellant seeks a reversal of so much of the judgment as denies her alimony and adjudges her not to be a joint owner of the Breathitt County farm and not entitled to recover the costs of her depositions or attorneys' fees. Appellee, by cross-appeal, seeks a reversal of so much of the judgment as awards appellee any portion of the real or personal estate.

In response to the lengthy argument of appellant's counsel that the evidence was insufficient to establish appellant's guilt, it is sufficient to say that, if credible, it was more than sufficient. The credibility of the witnesses who gave it was not attacked, but on the contrary, the good character of the most important witnesses was affirmatively proven. While it is unfortunate that in matters of so grave import, demonstration of guilt or innocence is not possible, the only alternative to sustaining the Chancellor's award of relief in cases such as this would be to hold that a divorce on the grounds named is unobtainable in the absence of an admission by the defendant of the charge against her, or photographs show her in compromising positions. To recite the evidence would serve but to deepen the blot upon appellant, and blacken the reputation of others named in the testimony.

Nor can we say that the Chancellor failed to properly adjust the property rights. The value of the real estate which he awarded to appellant was, according to her own estimate, $2,500, and this amount exceeded the total of any sums which the proof showed she contributed to the accumulation of the estate which the parties possessed at the time of the divorce. Appellee's counsel, in the two short paragraphs of his brief which he devotes to his client's cross-appeal, points to no evidence which indicates that the Court erred in fixing the amount of appellant's contribution as equivalent to the value of the real estate awarded her, which real estate appellee appraised at $1,500. Neither does he suggest any reason why the joint insurance policy should not be surrendered for cash, and the cash divided. Since the awards to appellant were not for alimony, but merely represented

the Chancellor's valuation of her contribution to the estate amassed, we find no reason for disturbing them.

This leaves for consideration appellant's claim that the Chancellor erred in overruling her exceptions and motion to strike certain of appellee's depositions; that he erred in overruling her motion that he state separately in writing his findings of law and fact; and that he erred in requiring her to pay for her depositions, and in denying her an attorneys' fee. In the reverse order, these contentions may be answered as follows:

1. A husband is required to pay his wife's costs and attorneys' fees only when it is shown that the wife was not in fault, or that she is without ample estate with which to pay them. KRS 453.120 (KS 900). When, as here, she is shown to be in fault and possessed of ample estate out of which to pay, she is not entitled to recover either costs or attorneys' fees.

2. Section 332, Civil Code of Practice, requiring the Court, when requested, to state separately and in writing his conclusions of law and his conclusions on the facts, applies only to common law trials without a jury. Deep v. Farmers' National Bank of Lebanon, 247 Ky. 801, 57 S. W. (2d) 1002, and cases there cited.

3. The argued defect in the depositions is that neither the officer who took them nor the Chancellor certified that the credibility or good character of the witnesses was known to him. But the alternative provided by the Statute, KRS 403.030 (KS 2119), namely, that the credibility or good character of the witness must be proven, was complied with insofar as the most important witnesses were concerned. If we eliminate from consideration the testimony of those of appellee's witnesses whose credibility or good character was not proven, more than enough remains to support the finding of the Chancellor.

Judgment affirmed on original and cross-appeal.