## Smith v. Smith.

May 2, 1944.

396

J. B. Eversole for appellant.

John E. Campbell for appellee.

Opinion of the Court by Van Sant, Commissioner.
—Reversing.

In the judgment granting a divorce to appellee, the Chancellor awarded her the custody of the two infant children, aged six and four respectively, and the sum of Fifty Dollars ($50) per month for their maintenance; adjudged that the appellant pay appellee's costs, including an attorney fee of Forty Dollars ($40); and, on motion for modification, decreed that appellant be permitted to see the children "at any and all reasonable hours at the home of the plaintiff or in the vicinity thereof." On the appeal, three questions are presented for our review: Whether the Court erred (1) in decreeing that appellant pay appellee's costs, including the attorney fee; (2) in the amount of the award for the care and maintenance of the infant children; and (3) in refusing appellant the right to have his infant daughters visit him in his home at reasonable times. Appellee

filed a cross-appeal, complaining that the Court erred, (1) in not awarding her alimony; (2) in allowing her only Forty Dollars ($40) for an attorney fee; and (3) in adjudging that maintenance for the children should commence from the date of the judgment only. We will dispose of the various questions in the order best suited to a review of the whole case.

By KRS 21.060(1) (b) this Court is forbidden to reverse a judgment granting a decree of divorce; but we may review the evidence to determine whether the judgment is correct in all other respects. Walden v. Walden, 250 Ky. 379, 63 S. W. (2d) 290. The parties were married in the year 1935. Appellee was a rural school teacher, and appellant a farmer and stock trader. They continued their respective vocations after their marriage, appellant additionally engaging in business as a country merchant. It appears that neither of the parties maintained, or earnestly endeavored to maintain, friendly relations with his or her spouse's immediate family. The feeling of animosity between the two families seems to have been the sole cause of the eventual separation. Appellee taught approximately nine months in each of the years of their married life, except on the two occasions of her confinement previous to and immediately after childbirth. While teaching, she made her home with her mother, many miles removed from the home of her husband, returning to the latter on week ends only. Appellant seldom visited his wife at her mother's home; but on one of the few occasions he did so, was ordered from the house by appellee's mother. On that occasion, his mother-in-law did not act without some provocation, to detail which would serve no useful purpose. Appellee's chief complaint of appellant's conduct, as detailed in her testimony, is that he paid too much attention to his family's wishes, and not enough to her own. She stated that the immediate cause of her separating from appellant was that she was afraid that if she should become ill he would not summon a doctor to attend her. As a basis for this suspicion, she recited that eighteen months previous to the separation appellant refused to drive her to town to see a doctor. It does not appear from the record that she actually was in need of medical treatment at the time.

After careful consideration of all the evidence, of which the above statement is a brief but fair resume, we

are of the opinion that neither of the parties has shown
sufficient cause to be awarded a judgment of absolute
divorce. The more proper judgment would have been
for a divorce a mensa et thoro; but, as hereinbefore in-
dicated, the judgment in that respect cannot be dis-
turbed.

The authorities are uniform in this jurisdiction
that judgment for alimony follows, as a matter of
course, in those cases where the wife has shown that
she is entitled under the law to a judgment of divorce
a vinculo, if the wife does not have sufficient estate of
her own to maintain her in the manner to which she
has been accustomed. KRS 403.060; Barnett v. Barnett,
292 Ky. 840, 168 S. W. (2d) 17. And the rule is well
established, although there are a few cases which might
appear from the opinions therein rendered to be in con-
flict, that where the wife is not guilty of moral delin-
quency, and it has not been proved that she is sufficiently
at fault to grant the husband a divorce, the wife is en-
titled to alimony, likewise as a matter of right. Green
v. Green, 152 Ky. 486, 153 S. W. 775; Hoffman v. Hoff-
man, 190 Ky. 13, 226 S. W. 119; Asbury v. Asbury, 221
Ky. 744, 299 S. W. 723; Moore v. Moore, 231 Ky. 829,
22 S. W. (2d) 251; Harley v. Harley, 255 Ky. 370, 74 S.
W. (2d) 195; Duff v. Duff, 268 Ky. 343, 104 S. W. (2d)
1095; Bordes v. Bordes, 272 Ky. 183, 113 S. W. (2d)
1122; Hayes v. Hayes, 275 Ky. 273, 121 S. W. (2d) 698;
and Maher v. Maher, 295 Ky. 263, 174 S. W. (2d) 289.
The theory upon which these decisions have been pro-
nounced is: In the contract of marriage, the husband
assumes the obligation to support his family, in consid-
eration of certain obligations assumed by the wife; and,
until it is shown that the wife has breached the obliga-
tions imposed upon her by the marriage contract, spe-
cific performance in respect to the obligation to support
the wife will be enforced. Those cases in which a con-
trary rule would seem to have been pronounced are:
Garrison v. Garrison, 104 S. W. 980, 31 Ky.
Law Rep. 1209; Taylor v. Taylor, 273 Ky. 802, 117 S.
W. (2d) 983; and Braden v. Braden, 280 Ky. 563, 133
S. W. (2d) 902. In each of the cases last cited above
the record discloses, though the opinion may not, that
the wife was so much at fault that a continuance of her
conduct, in the opinion of the present members of this
Court, would eventually ripen into a cause for divorce
upon the suit of the husband. But, in any event, we

think the rule supported by the majority of the cited opinions to be sound, and that the Chancellor should have adjudged alimony to the wife in the sum of Twenty-Five Dollars ($25) per month until such time as may be proper to modify the decree in that respect; and the case should be retained upon the docket for future adjudication of that question, upon a showing of change in conditions.

Appellee and the children are making their home with appellee's mother, on a farm in Perry County. They are now seven and five years of age, respectively. It is inconceivable that 'it would require more than Twenty-Five Dollars ($25) per month to maintain children of that age in a rural community. Therefore, we are of the opinion that the Court erred in awarding more than that amount for maintenance of the children. Upon return of the case, the judgment will be so modified.

We are likewise of the opinion that the award made to appellee as a fee for her attorney is inadequate. Upon proper application, on return of the case, the Court will raise the award for this purpose to One Hundred Dollars ($100).

We will now consider the question of liability for the costs of the action. KRS 453.120 provides: ''In actions for alimony and divorce, the husband shall pay the costs of each party, unless it appears in the action that the wife is in fault and has ample estate to pay the costs.'' By this section of the Statute, the husband can be relieved of liability for the payment of the costs only upon the dual showing that the wife is in fault and has ample estate to pay the costs. Combs v. Combs, 294 Ky. 414, 171 S. W. (2d) 1001. In other words, a mere showing that the wife is at fault is not sufficient; it must additionally appear that she has ample estate from which to pay. Ability to earn money is not an estate contemplated by this section of the Statute. The record discloses that appellee has some interest in the property in which she and her mother are making their home. It is not shown whether the interest is vested or contingent, but it does appear that she receives no income therefrom; the evidence, therefore, is not sufficient for the Court to determine that the wife has ample funds out of which to pay the costs. The Court, there-

fore, properly adjudged the costs to be paid by appellant.

We are not disposed to disturb the Chancellor's finding in respect to the time appellant should commence the payment of maintenance, in view of all the circumstances of the case. Such questions must be determined by the Trial Court, in the exercise of a reasonable discretion, and we are of the opinion that he did not abuse his discretion in this particular.

But we are of the opinion that the Court erred in not adjudging that the father has the right to have the children visit him at his home at reasonable times. In the circumstances shown, we believe the children should be permitted to visit appellant at his home one week end in four, commencing on Friday afternoon and ending the following Monday morning. Upon return of the case, the Court will so decree.

The judgment is reversed on both the appeal and cross-appeal, with directions that it be set aside, and another be entered consistent with this opinion.

Whole Court sitting.