# Owens v. Owens.

Oct. 6, 1944.

Napier & Napier for appellant.

H. R. Burke for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This is an appeal from a judgment dismissing appellant's petition for lump-sum alimony and granting the appellee an absolute divorce on his counterclaim charging abandonment and cruelty. The Court also directed that the parties pay their respective costs; and since we have no power to reverse a judgment granting a divorce, and appellant is not without means with which to pay her costs and attorney fees, the sole question necessary to be determined is whether the appellant by her conduct had forfeited her right to support. Smith v. Smith, 297 Ky. 395, 180 S. W. 2d 275.

Since the applicable rules of law are well settled, and the facts are neither novel nor of general interest, we shall not set forth either the multifarious charges contained in appellant's pleadings or the voluminous testimony by which she sought to establish them. It is sufficient to say that the proof fails to disclose any misconduct by appellee, unless we are to so denominate an inability to be patient under unjustified accusations and to refrain from the use of indecorous language in refuting them. Apparently, he worked hard, drank some,

and, within the limits of his income and environment, strove to please. She, on the other hand, was "nervous," persistent in seeking to identify "the other woman", and determined to hold the purse strings, happen what might to the marriage ties. In any event, after ten months of marriage, without warning him of her intention, she procured an attachment against all of his property, including his wages, and left his home.

In an amended petition filed nearly eight months after the institution of the original action, appellant charged appellee with having obtained the marriage by fraud, in that he was afflicted with a loathsome disease, the nature of which he had failed to disclose to her. But the only "loathsome disease" which he was shown to have had, consisted of a recurring abscess or fistula in the rectal region resulting from a bruise received during his school days. He claims that he informed her prior to their marriage that he had undergone one or more operations for the affliction; but, be this as it may, and conceding that when the abscess discharged, it emitted disagreeable odors and soiled the bed clothes, we think the condition is one which should have occasioned sympathy rather than reproach. In any event it was not a "loathsome disease," the concealment of which, or its subsequent contraction by one spouse, would have entitled the other to a divorce under the provisions of KRS 403.020 (KS, sec. 2117).

Judgment affirmed.