## Sharp v. Sharp.

Jan. 25, 1946.

Frank C. Malin, G. Conner Ewing and W. C. Hamilton for appellant.

Robt. H. Winn and J. A. Richards for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

The controversial issue of alimony is here projected into another of the rapidly mounting cases of divorce.

The parties to this action were married in 1905. In 1944, after about 38 years together, they separated. Lena S. Sharp, the appellant here, plaintiff below, filed her petition for divorce and alimony in the Bath Circuit Court based upon the grounds of cruel and inhuman treatment.

Appellee, defendant below, filed his answer and counter-claim alleging cruel and inhuman treatment and asked that he be granted a divorce.

Judge W. Bridges White filed an order of disqualification and Judge William Blanton was appointed special judge to try the case.

Plaintiff then filed her second amended petition in which she sets out more fully the property of the defendant, enlarges upon her allegations of cruelty and asks for alimony in a sum of not less than $30,000.

In giving her testimony, the plaintiff testified of certain perversions of her husband. Immediately thereafter the defendant filed a supplemental answer and counter-claim alleging additional or further brutal, inexcusable and wanton cruelty.

During the pendency of the action in the lower court, appellant was awarded $200 a month for maintenance. Later, however, this amount was reduced to $180 per month.

Upon trial of the cause, the lower court entered judgment wherein it dismissed plaintiff's petition for divorce and alimony; set aside and annulled all previous orders for maintenance pendente lite; granted the defendant a divorce and adjudged the costs against the defendant.

Subsequent to the entry of the judgment, plaintiff filed motion for maintenance' pending the appeal and for allowance for attorney's fee in prosecuting the appeal and costs sufficient to prepare and file the record on appeal.

The lower court entered a supplemental judgment overruling the motion in all parts except the latter above.

The appellant now comes before this court seeking

reversal on the grounds that the court erred in (1) dismissing her petition and denying her divorce, (2) denying her maintenance pending the appeal, and (3) denying attorney's fee on appeal.

The defendant cross-appeals from so much of the supplemental judgment as adjudged the costs on appeal against him.

This record contains the testimony of 70 witnesses covering approximately 1000 pages.

The parties herein appear to be from upright and outstanding families, and stand well in their home community. The appellee owns property of considerable value. He owns a farm consisting of about 500 acres. He is a large tobacco grower, deals extensively in livestock, and from this record appears to be a successful farmer and business man.

The parties have one child, a daughter, who married a Mr. Tuttle in 1930, and from whom she was divorced in 1935. The Tuttles have one child, a son. This daughter's life seems to be interwoven with the domestic trouble resulting in the separation herein. The mother complained of ill treatment at the hands of the daughter, of her bad temper, abusive language, and even physical attacks upon her, which seems to have started almost from the infancy of the daughter, increased with the years and aggravated after her marriage to Mr. Tuttle in 1930, and intensified, according to the plaintiff, the last two or three years before the separation, all of which was acquiesced in by the father. This record does not disclose but that her father did acquiesce in this ill treatment on the part of the daughter toward her mother, or that he ever tried by counsel, advice or otherwise to prevent it.

Appellant complains considerably about what she calls the unfounded and baseless charge made by appellee that the appellant married the appellee "from a motive solely mercenary, and not for any love or affection for him; that she conceived and bore the daughter named in the petition with the studied design and purpose that there might be an heir of her blood and of this defendant's blood to inherit his property should this defendant predecease the plaintiff; and that for said daughter, from her earliest childhood never had any motherly af-

fection, but instead, from the said child's early infancy, plaintiff has had for her a continued and unnatural dislike.'' She insists that such a false and malicious charge comes within the rule that charges made in a pleading in a divorce case constitute a cause for divorce and alimony if they are not made in good faith and if they are false and malicious.

The appellee is more sedulous in his complaint that appellant's charge of bestial immorality, as was testified to by her, constitutes brutal, inexcusable and wanton cruelty. It might be added here, however, that appellant testified of this marital difficulty upon question of counsel, who is now deceased, and it appears to have been done reluctantly and upon insistence of counsel and was not a portion of her allegations in her pleading.

The appellee takes the position that because the court below granted the divorce to the husband that the wife is not entitled to alimony, and cites in support thereof a long line of cases, with all of which we are acquainted.

However, the appellant insists that under the facts of this record, appellant was entitled to a divorce, and, consequently, entitled to alimony, and cites in support thereof a long line of cases, with all of which we are likewise acquainted.

The appellant takes the further position that even though she might not have been entitled to a divorce, she may still be entitled to alimony and cites in support of that view a long line of cases.

The principle urged by the appellee does not appear to us to be the correct principle applicable in this particular case. We are not willing to concede, in the light of this record, that the wife is wholly at fault, nor that she is guilty of any moral delinquency. In the absence of these, the rule, as set out in the cited cases of appellee, does not control. The correct principle applicable herein, based upon the facts of this case, is to be found in the cases of Partin v. Partin, 270 Ky. 596, 110 S. W. 2d 298; Smith v. Smith, 297 Ky. 395, 180 S. W. 2d 275; Kelly v. Kelly, 183 Ky. 172, 209 S. W. 335; Hayes v. Hayes, 275 Ky. 273, 121 S. W. 2d 698; Baker v. Baker, 271 Ky. 735, 113 S. W. 2d 16, and the recent case of Rayburn v. Rayburn, 300 Ky. 209, 187 S. W. 2d 804.

The public interest in the stability of the marriage status requires a realistic view point on the part of the courts. It may be impossible ever to reach an entirely desirable result by resting a decision upon either of the line of cases above. Yet, without going so far as to say that a wife by her marriage shall be given an indefeasible right of support, it can be rightfully said that there has persisted through the years at least an equivocal recognition of a wife's right of support and the husband's duty to support.

The reasoning of the appellee herein may be correct within its limits but it ignores the persuasive considerations in favor of a more flexible attitude. In the instant case, after 38 years of life together, wherein was born a daughter, which ordinarily and naturally should have been the cementing force or influence in their home, and, in addition thereto, the presence of an only grandson, with its resultant potentiality of an increased cementing influence, a home has been broken.

We are not convinced by this record that the lack of harmony in the marital relationship herein was entirely the fault of the appellant. As was stated in the Kelly case above, most marital troubles are to some extent the fault of both parties. Herein the husband substantially contributed to, or at least was a participant in the disruption of the harmony in the marital relationship. To say the least, there should remain some sense of the eternal verities of right and justice. We are, therefore, unwilling in the light of this record, to say that by the granting of a divorce to this husband, he has thereby liquidated his obligation and duty to support his companion of 38 years.

It goes without argument that ordinarily the obligation of the husband to support is to be measured by his pecuniary ability. The appellant herein is now sixty years of age, and, according to this record, she has no property of her own and no means of earning a living. There is contradiction as to appellee's estimated worth and as to his net earnings, but in view of all the above, we have determined that the court should have allowed a reasonable monthly sum for maintenance. $100 per month appears to be reasonable.

As for the contention relative to the failure of the court to enter a judgment respecting the personal prop-

erty, we shall refer to the case of Eversole v. Eversole's Administratrix, 169 Ky. 234, 183 S. W. 494. However, it appears from the record that the judgment as entered reserved for negotiated settlement the question of ownership of certain jewelry, and it appears further there was a subsequent settlement agreed upon and Mrs. Sharp received her agreed portion.

The matter of the error of not allowing maintenance during the pendency of the action will correct itself in the reversal herein.

We cite the appellant to the case of Bobbitt v. Bobbitt, 297 Ky. 28, 178 S. W. 2d 986, as to the procedure and remedy in the matter of his contention relative to the lower court refusing to allow a reasonable sum for attorney's fee to prosecute this appeal. Obviously a fee should be allowed.

There is no merit in appellee's contention on his cross-appeal.

Wherefore, the judgment is reversed with directions to enter judgment allowing the appellant $100 per month alimony retroactive to the date of dismissal of her petition and entry of judgment of divorce below, and for proceedings consistent with this opinion.