## Bartley v. Bartley.

May 17, 1949.

L. J. May and P. K. Damron for appellant.

A. E. Auxier and William J. Baird for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

On the 28th day of · October, 1946, appellant filed her petition seeking judgment of· divorce, care and custody of her and appellee's infant child, $5,000 alimony, $50 per month for the support of the child, and a reasonable attorney's fee. ·The ground alleged for divorce was cruel and inhuman treatment. On January 6, 1947, appellee filed his answer and counterclaim denying the material allegations of the petition and alleging cruel and inhuman treatment on the part of appellant to him. He prayed that appellant's petition be dismissed, and that he be granted a divorce and care and custody of the child. On the 17th day of June, 1947, appellee tendered an amended answer in which he alleged as a ground for divorce, and in support of his prayer for the

care and custody of the child, that appellant had been guilty of lewd and lascivious conduct. No order filing this pleading appears in the record, but the Master Commissioner reported that it was filed; and since lewd and lascivious conduct on the part of a spouse may be proved in support of a charge of cruel and inhuman treatment, the evidence in this respect was competent unless otherwise rendered incompetent as contended by appellant and which later will be discussed in this opinion.

The case was referred to the Master Commissioner to hear evidence, make his findings, and report his recommendations to the Court. The Master Commissioner's first report was filed June 4, 1947; therein he found from the evidence that appellant was guilty of lewd and lascivious conduct, and upon that ground he recommended that appellee be granted a divorce, and care, custody, and control of the infant child. Appellant filed exceptions to this report, wherein, without specifically pointing out the defect, she asserted that the depositions taken in support of the charge of lewd and lascivious conduct on her part were incompetent. Another exception was taken on the ground that she was not given an opportunity to introduce evidence in rebuttal. Without passing on any other exception, the Court sustained that in respect to the rebuttal testimony, and re-referred the case to the Master Commissioner to take further evidence in rebuttal only. In that order the Chancellor directed the Master Commissioner to make his findings on the whole record and report them together with his recommendations to the Court. These directions were followed by the Master Commissioner, who filed his second report, wherein he again found appellant to have been guilty of lewd and lascivious conduct, to be an improper person to have the care, custody, or control of the child, and recommended that appellee be granted a divorce, and the care, custody and control of the infant. Appellant filed exceptions to this report but did not except on the ground of incompetent testimony, nor did she insist on a ruling by the Chancellor on such ground contained in her exceptions to the first report. The Chancellor overruled the exceptions to the second report, confirmed the Commissioner's findings, adopted his recommendations, and entered judgment accordingly.

It is agreed by the parties that the Appellate Court

may not reverse a judgment of divorce, but it may review the evidence to determine the propriety of the judgment in other respects. Clay v. Clay, 301 Ky. 547, 191 S. W. 2d 819. Appellant argues that the judgment should be reversed because (1) most of the evidence in support of appellee's contention was introduced by relatives of appellee and such testimony should not be given the weight accorded evidence. of disinterested persons; (2) the evidence in respect to the charge of lewd. and lascivious conduct was incompetent because the depositions and record did not affirmatively show the credibility of the witnesses by proof, certificate of the officer taking the depositions, or finding of the Court; and (3) that ordinarily where the parents are divorced the custody of a child of tender years, particularly if she is a girl, will be awarded to the mother on the ground that her welfare will be served best by receiving a mother's affection and attention.

The exceptions to the first Report of the Commissioner attacked the competency of the evidence in respect to lewd and lascivious conduct in a general charge without pointing out the defect now relied on. The Court did not pass on this exception but did sustain the exceptions to the Report on another ground. That disposed of the first Report of the Master Commissioner. The next Report was filed after the hearing of additional evidence, and the exceptions to that Report did not incorporate any objection to the evidence on the ground of incompetency. Neither did appellant insist on a ruling in respect to the competency of the evidence upon either of the two submissions to the Chancellor. Therefore, the objection to the depositions on this ground was waived even if the exceptions to the first Report of the Commissioner could be considered broad enough to encompass this objection. Section 589, Civil Code of Practice; Risner v. Risner, 292 Ky. 583, 167 S. W. 2d 315. But we are of the further opinion that the exceptions filed to the first Report of the Commissioner were not specific enough to call the Court's attention to the. fact that the officer taking the depositions failed to comply with the provisions of KRS 403.030. Had the Court's attention been called to this specific defect he would have had an opportunity to ascertain and judicially determine from personal knowledge the credibility or the good

character of the witnesses, or he could have summoned the officer who took the depositions to certify such fact, or the contrary, or lack of knowledge of such fact, as the case might have been. Colyer v. Colyer, 233 Ky. 752, 26 S. W. 2d 511; Combs v. Combs, 294 Ky. 414, 171 S. W. 2d 1001. Under the circumstances the Master Commissioner and the Chancellor did not err in considering the evidence contained in the depositions complained of.

We deem it unnecessary to detail the evidence in this case because it would serve no useful purpose to the Bar or to future litigants. Suffice it to say that the charge of lewd and lascivious conduct was sustained by the testimony of several witnesses although it was denied by others, who in turn testified as to the good character of appellant. Likewise it may be said that the charge of cruel and inhuman treatment alleged by appellant was supported by the evidence of several witnesses although denied by others. Injury to appellant at the hands of appellee on one occasion was refuted by the testimony of the doctor by whom appellant testified she was treated at a hospital. He stated that she did not give a history of having been beaten by her husband as she testified, and there was no evidence of the injuries she related she received; on the contrary, he treated her for cholecystitis, an infection of the gall bladder.

Most if not all of the evidence for appellee as to the lewd and lascivious conduct of appellant was introduced by relatives of appellee; on this account appellant argues that it should not be given sufficient weight to support the judgment of the Chancellor. Whilst it is true that in actions of this kind we will scrutinize the testimony of relatives more carefully than that of persons not related, we never have adopted the legal philosophy that relatives are, ipso facto, perjurers. Their testimony is competent and, in most instances, worthy of belief. We could not reverse the judgment in this action on this ground without branding several witnesses as perjurers. The record does not justify nor even suggest such action.

Finally appellant invokes the rule, universally approved, that:

"Ordinarily, where the parents are divorced, the

custody of children, particularly girls of tender years, will be awarded to the mother upon the ground that their welfare will be best served by receiving her affectionate care and attention.''

The word ''ordinarily'' as used in the statement of the rule is one of considerable force. In the ordinary case the mother is shown to be morally fit to be entrusted with the responsibility to be imposed upon her in granting the care and custody of the infant to her. We have never applied the rule where, as here, it is shown by competent and sufficient evidence to the satisfaction of the Chancellor that the mother is not fit to be entrusted with the care of her child.

In closing we think it well to observe that this is one of the many cases wherein the evidence introduced by appellant was sufficient to support the Chancellor had he decided the case for her; but the evidence introduced by appellee, in like manner, is sufficient to support the judgment in favor of appellee. If the evidence raises no more than a doubt in our minds as to the correctness of the Chancellor's conclusions we are committed to the rule that his findings will not be disturbed on appeal. Travis v. Travis, 282 Ky. 215, 138 S. W. 2d 336.

The judgment is affirmed.