**Adela Arrieta GALLUP, Appellant,**

v.

**George F. GALLUP, Appellee.**

Court of Appeals of Kentucky.

April 25, 1958.

Robert F. Houlihan, Stoll, Keenon & Park, Lexington, Robert P. Woods, Ashland, for appellant.

George F. Gallup, Catlettsburg, Simeon S. Willis, Ashland, for appellee.

CAMMACK, Judge.

This divorce action was instituted in August, 1950, by the appellee, George F. Gallup, against the appellant, Adela Arrieta Gallup. Mr. Gallup sought a divorce on the ground of abandonment and Mrs. Gallup counterclaimed for a divorce and alimony on the ground of cruel and inhuman treatment. Mrs. Gallup was in her native country, Mexico, when the action was instituted. Numerous delays in the prosecution of the action had been occasioned, in part at least, by its international character. This appeal is from a 1952 judgment which granted a divorce to Mr. Gallup and denied Mrs. Gallup's claim for alimony.

The appeal, seeking alimony, was filed in October, 1954. On November 10, 1954, we sustained the appellant's motion to be permitted to prosecute the appeal under the old Civil Code of Practice. This ruling enabled the perfection of an otherwise late appeal. Subsequent delays, including a dismissal for want of prosecution, are chargeable mainly to the appellant.

The appellant contends that we should reverse the judgment and allow her alimony because (1) the facts show that she should have been granted a divorce on her counterclaim; (2) the appellee did not sustain his

ground for divorce; and (3) the separation was justified and was not an abandonment. A short summary of the facts surrounding the romance and marriage of the Gallups is necessary for a proper understanding of these contentions.

The parties met in Mexico during the carnival season in 1946. After a brief courtship Mr. Gallup returned to his home in Catlettsburg. An exchange of letters followed and a marriage was arranged. The wedding took place near Atlanta, Georgia, in May, 1946, and thereafter the couple resided in Catlettsburg until their separation in March, 1949. Mrs. Gallup was not familiar with the English language and they deemed it advisable to reside with Mr. Gallup's relatives in the family home until her speech difficulties were overcome. Mrs. Gallup said there was an atmosphere of hostility to her in this home, and there is some evidence that the household was not overly solicitous of her welfare. On occasions, Mr. Gallup suggested that they move into one of several other suitable homes where they would live alone. Mrs. Gallup evidently preferred to remain in the family residence until Mr. Gallup could build a new home for them. Mr. Gallup felt that this was not financially feasible at the time.

In February, 1949, the Gallups returned to Mexico for a visit. Mr. Gallup returned to Kentucky in early March and Mrs. Gallup was to follow in a few weeks. Despite frequent letters urging her return, and enclosures of funds for the return trip, Mrs. Gallup remained in Mexico. Her letters indicate that she had developed a settled aversion to Kentucky, though she said she was still in love with her husband. In general it would seem that the foreign climate, rather than the foreign people, caused this bride of three years to fail to return to the marital domicile. The trial judge found that Mrs. Gallup would have been willing to resume marital relations if the marital domicile were established in Mexico, but that she was unwilling to return to Kentucky. The record supports this finding.

We do not believe the record supports Mrs. Gallup's counterclaim for divorce on the charge of cruel and inhuman treatment. While it is true that Mr. Gallup sometimes drank to excess, and that his family was not always kind to his bride, it was not proven that these circumstances led to the separation. Mrs. Gallup's testimony, taken alone, described circumstances amounting to cruel and inhuman treatment, but her letters, written before the divorce action was instituted, picture a woman who, unable to adapt herself to foreign customs and climate, returned to the country, customs and climate which meant more to her than her husband.

We believe the trial judge properly granted a divorce to Mr. Gallup on the ground of abandonment. Mr. Gallup showed that he was ready, willing and able to provide Mrs. Gallup with a suitable home in Kentucky. He offered to move out of the family residence into a suitable home where the couple could be to themselves. His drinking, while probably excessive at times, appears to have been condoned to a large degree. Mr. Gallup did not condone his wife's visit in Mexico when prolonged into threatened permanency. Mrs. Gallup's testimony related principally to the appellee's drinking habits, the attitude of his relatives toward her, and to several letters written to him by a niece of his former wife. Drunkenness was not a ground for divorce in the counterclaim. A suitable home was offered by Mr. Gallup, but was not accepted. The letters, admittedly improper, raised doubts as to the character of the writer, but did not necessarily affect the character or reputation of the recipient, Mr. Gallup. Furthermore, some of the letters came to Mrs. Gallup's attention only a few months after the marriage in 1946. We believe the trial judge was correct in finding that Mrs. Gallup was not entitled to a divorce on the ground of cruel and inhuman treatment.

Alimony may be granted to a wife if she is free of moral delinquency and not wholly at fault, even though the divorce is granted to the husband. Sharp v. Sharp,

302 Ky. 426, 194 S.W.2d 835. We have said alimony may be awarded where the husband was granted a divorce but the evidence did not justify the divorce, or where the husband was the one whose conduct caused the final separation of the parties. Kivett v. Kivett, Ky., 312 S.W.2d 884. We believe that the only conduct on the part of Mr. Gallup which contributed to the separation in this case was his insistence that the marital domicile be in Kentucky. It is the husband's right to choose the marital domicile, and if he provides a suitable home the wife is not justified in abandoning that home to satisfy personal preferences regarding climate and customs.

Judgment affirmed.