## Gans v. Gans.

(Decided March 10, 1914.)

### Appeal from Jefferson Circuit Court (Chancery Branch No. 1).

Husband and Wife—Separation and Separate Maintenance—Right of Wife to Allowance.—The rule is that when the husband treats

the wife with such cruelty as to justify her leaving him, separate maintenance may be decreed, even though the facts would be insufficient to warrant the granting of a divorce.

CHAPEZE & CRAWFORD for appellant.

ROBT. L. PAGE for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

Appellant, Wade Gans, and appellee, Gertrude Gans, were married in November, 1911, and immediately went to live with the mother of appellant, where he had lived at the time of his marriage, and conducted a small grocery store, in the country near Louisville, the buildings belonging to appellant's mother. They had lived together but a short time when an unpleasantness arose between the wife and mother-in-law over a trivial matter, as is too often the case, and the wife and her mother-in-law ceased speaking to each other, one being about as much to blame as the other. Matters continued in this way until in April, 1911, when appellee left the home of her husband, and did not return.

In June, 1912, she sued appellant for an allowance for separate maintenance, alleging cruel and inhuman treatment on the part of appellant; and the chancellor upon final hearing adjudged that the defendant "pay to plaintiff permanent alimony in the sum of four dollars each and every week." From this judgment, the defendant appeals.

The principal witnesses upon the direct issues were the plaintiff's sister and defendant's mother, and this evidence is conflicting; the mother testifying that the husband treated his wife kindly at all times, and the sister testifying to such conduct upon the part of the husband as would show, taken in connection with the other circumstances given in evidence, that the plaintiff was justified in leaving the defendant, and that she was not at fault.

The rule is that when the husband treats the wife in such manner as to justify her leaving him, an allowance for separate maintenance may be decreed upon a state of facts insufficient to warrant the granting of a divorce; nor is the chancellor restricted to statutory grounds for divorce, but he may take into account evidence showing that the wife was justified in leaving the home which her husband had provided for her.

The evidence in this case, being conflicting, in fact slightly preponderating in appellee's favor, the judgment of the chancellor on the question of allowance for separate maintenance and the amount thereof, will not be disturbed; but it appears from the record that after plaintiff abandoned the defendant she went to a number of business houses in Louisville where appellant had credit, and purchased several large bills of goods for her separate use, and had same charged to appellant. As these goods were for the support and maintenance of appellee, appellant should be credited with such amounts as he was required to pay on these accounts, and such amounts should be deducted from the allowance herein decreed for separate maintenance. For the purpose of ascertaining these sums the parties should be permitted to take such evidence as may be desired, and appellant should not be required to pay anything further on said allowance until the accounts mentioned paid by appellant have been satisfied by the application thereto of the allowance decreed.

Judgment reversed and cause remanded for proceedings in conformity to this opinion. Whole court sitting.