### Coleman v. Coleman.

(Decided May 16, 1924.)

### Appeal from Caldwell Circuit Court.

1. Appeal and Error—Cross-Appeal Generally Matter of Right.—A cross-appeal generally goes as matter of right where record discloses lower court has failed to grant to appellee something to which he claims he was entitled under pleadings and evidence.

2. Appeal and Error—Order Denying Motion for Cross-Appeal Only Interlocutory and May be Ignored.—An order denying motion for cross-appeal is only interlocutory, and, as long as court has control, it may set it aside or ignore it, and do justice by parties.

3. Appeal and Error—Cross-Appeal Allowed Because Lower Court Failed to Grant Alimony.—In action for custody of child and alimony, where court granted custody and a certain monthly sum for support of child, but failed to grant alimony, on appeal defendant plaintiff was entitled to a cross-appeal for failure to grant alimony.

4. Husband and Wife—Wife Held Justified in Leaving Husband and Entitled to Alimony.—Wife after being beaten with a spade had

right to leave her husband and was entitled to alimony in addition to allowance for support of child.

5. Husband and Wife—Wife Held Not Entitled to Alimony in Lump Sum, but Only to Monthly Allowance.—Wife leaving husband for proper reason was not entitled to alimony in any lump sum, but should have been allowed at least $10.00 each month, where both parties were very poor, but husband was young and physically able to work and provide a moderate allowance.

J. ELLIOTT BAKER for appellant.

R. W. LISANBY for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming on original and reversing on cross appeal.

Appellant and appellee were married to each other some time prior to 1919, and during that year, upon her application, they were divorced.

On the 29th of November, 1920, they were remarried to each other and lived together until the 2nd of January, 1922, at which time, according to her allegations, she was compelled to leave him because of his cruel and inhuman treatment.

On the 1st of September, 1921, a male child was born to them, and was therefore only four months old when she left him in January, 1922.

On the 6th of January, 1922, she brought this action against appellant, alleging cruel and inhuman treatment as the reason why she had left him, asking for a judgment for permanent alimony in a lump sum, for maintenance during the pendency of the action, and a judgmet awarding her the custody and control of their infant son, and for all general and equitable relief.

There is no prayer for a divorce, the ground of divorce apparently being alleged as a justification of her leaving him, and as presenting a state of case entitling her to alimony.

The judgment awarded her the custody and care of the child, and directed the payment to her monthly by defendant of $10.00 for the support of the infant, and refused her any judgment for alimony.

From that judgment the defendant prosecutes this appeal, and the plaintiff entered a motion here for a cross-appeal. This court in its order on that motion overruled the plaintiff's motion for a cross-appeal, because she had not in the lower court sought a judgment for di-

vorce, apparently assuming that that was the only reason she sought a cross-appeal.

A cross-appeal in this court by an appellee generally goes as a matter of right where the record discloses that the lower court has failed to grant to appellee something to which he claims he was entitled under the pleadings and the evidence; but this court in its order seems to have assumed that the only ground for the cross-appeal was the failure of the lower court to grant her a divorce which under the pleadings she had not prayed for. But as a matter of fact the motion was a general motion for a cross-appeal and was not asked for on any specific ground, and the only ground upon which it was denied was that she had not sought a divorce. She had, however, sought an allowance for alimony, and that relief had been denied her in the judgment, and clearly she was entitled to a cross-appeal for that reason.

Such orders entered by this court are only interlocutory, and as long as the court has control of the case it may set aside or ignore any such order and do justice by the parties. In fact, the court in its order only denied the cross-appeal on one ground, and that was she was not entitled to a divorce because she had not prayed for it, not having considered the question whether she was entitled to such cross-appeal on any other ground.

Under the circumstances, therefore, a cross-appeal, will be, and is now granted to the appellee, because of the failure of the lower court to grant her an allowance for alimony.

The first contention is that the judgment should be reversed because the wife's testimony as to the cruel and inhuman treatment by the husband was wholly incompetent; that such evidence is competent only in actions for divorce where the ground is cruel and inhuman treatment. It appears wholly unnecessary, however, in this case to pass upon that question, for eliminating entirely the evidence of the wife, the other evidence amply supports her charge. Appellant's mother testifies in substance that on the 2nd of January, 1922, he had assaulted and beaten his wife with a spade or shovel, and other witnesses testify to having seen on her person that day, and for some days thereafter, the bruised places.

Manifestly the action of the chancellor in giving the custody of the small infant to its mother was proper. We

are not impressed with the claim, or the evidence relied upon to sustain it, that appellee did not love her offspring, and that it would be dangerous to the child to entrust it to her custody. Not only is the evidence for defendant on this issue unbelievable because it is so unnatural, but it is wholly inconsistent with his claim that he still loves his wife and desires that she shall continue to live with him and help him to rear and train the child.

The evidence fully justified the wife in leaving her husband, and we are of opinion that the court erred in not giving to her in its judgment a reasonable allowance for alimony in addition to that adjudged for the support of the child.

The parties are each very poor, the evidence disclosing that neither of them has any property, unless it be some few articles of personal property of little value. But appellant is comparatively a young man, and there is nothing in the record indicating his physical inability to work and provide a moderate allowance for his wife and child.

We are of opinion, therefore, that the court properly denied appellee alimony in any lump sum, but should have allowed her at least $10.00 each month against him as alimony, in addition to the allowance for the support of the child.

The judgment is affirmed on the original appeal, and reversed on the cross-appeal for the entry of a judgment as herein indicated.