# Pelphrey v. Pelphrey.

(Decided October 15, 1929.)

WHEELER & WHEELER for appellant.

BLAIR & HARRINGTON for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Reversing.

The appellant, Dollie Pelphrey, and the appellee, Sherman Pelphrey, were married on November 12, 1926, and lived together as husband and wife for a period of one month and two days. They were each about twenty years of age. After their marriage they went to reside in the home of the husband's father. There appears to have been no trouble between them until the night before the separation. Both the husband and wife testified without objection. The wife claims that she had heard that her husband intended to leave her and that night asked him about it. They had a quarrel, and he threatened to leave that night. The next morning he went to work at the mines and she says she knew he was not coming back. In the afternoon his father came in from work and told

her that her husband was not coming back, and she thereupon got together her clothing and went to the home of her brother about a mile away. The husband came in a few hours later, according to the evidence in his behalf, but it appears made no inquiry concerning her whereabouts. The appellant proved that he went to the home of a distant relative that afternoon seeking board for himself alone. The only excuse given for this conduct by the appellee, according to the evidence of appellant, was that he had become dissatisfied with married life. The wife had an interview with her husband a few days later and sought a reconciliation. This the husband spurned and refused to live with her again. A child was born during the pendency of these proceedings.

This suit filed by the wife merely sought alimony, and by an amended petition asked for an allowance for the child. The court refused her any maintenance, but adjudged that the appellee should pay $15 a month for the maintenance of the child.

The right to maintain a suit for alimony is founded on the duty of a husband to maintain his wife, and such a suit affords a means by which she can require the husband to discharge his legal obligation without affecting in any way the marital status. George v. George, 190 Ky. 706, 228 S. W. 408, 39 A. L. R. 700. The evidence clearly was not sufficient to justify divorce, but that does not prevent recovery of alimony. The action of this young wife was perhaps inconsiderate and hasty; yet it cannot be said that she was wholly in fault. Neither can it be said that he was wholly without fault. Fortifying her claim is the conclusive proof that she sought to correct any mistake which she might have made by seeking a reconciliation, which, as stated, he refused. Where such conditions appear, they are not deemed sufficient to relieve a husband of his obligations. Gans v. Gans, 157 Ky. 775, 164 S. W. 96; Hodgen v. Hodgen, 160 Ky. 267, 169 S. W. 713; Coleman v. Coleman, 203 Ky. 245, 262 S. W. 7; Purcell v. Purcell, 197 Ky. 627, 247 S. W. 760.

The marriage status is too sacred a relationship and the natural and legal duties arising from it are too important and binding to permit a husband to escape by merely declaring himself dissatisfied and abandoning the wife or treating her in such manner as to justify her leaving him. The appellee is a young man who the record shows has been earning as a miner more than $5 a day rather regularly. Under the facts of the case, the court

is of the opinion that he should be required to contribute $20 a month for the maintenance of his wife, in addition to $15 allowed for his child.

The judgment is therefore reversed, with directions to enter such a judgment.