## Austin v. Austin.

March 21, 1939.

James F. Bailey, Judge.

KIRK & WELLS and A. R. KINGDON for appellant.

C. F. PACE for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellant and appellee were married in West Virginia February 2, 1929. Appellee is employed by the Chesapeake and Ohio Railway Company as traveling mechanic in the signal department, and has resided in Paintsville, Johnson county, Kentucky, since his marriage. Appellant and appellee separated in January, 1933, and lived apart about three months. During that time Mrs. Austin lived with her parents in St. Albans, West Virginia. They became reconciled, and Mrs. Austin returned to her husband's home where she remained until June, 1936, when she again left and went to her parents' home in West Virginia. On October 29, 1936,

she brought an action for divorce in the Johnson circuit court on the ground that for not less than six months prior thereto the defendant had habitually behaved toward her in such a cruel and inhuman manner as to indicate a settled aversion to her, and, further, that he had a confirmed habit of drunkenness which had continued for more than a year prior thereto, and which was accompanied by a wasting of his estate. In his answer and counterclaim the defendant traversed the averments of the petition, and affirmatively alleged that the plaintiff, on June 4, 1936, abandoned him without fault on his part, and he asked that he be granted a divorce. In another paragraph he averred that he was ready, able, and willing to provide a home in Paintsville, Kentucky, for himself and plaintiff and to furnish the plaintiff and their infant child all of the reasonable and necessary comforts of life, and that if the plaintiff would return to his home with their infant child he would be to them a kind, affectionate, and dutiful husband and father. The parties had one child, Joanna Margaret Austin, who was born August 26, 1934, and was less than two years of age when the last separation occurred. Considerable proof was heard, and, upon submission of the case, the chancellor adjudged that neither party was entitled to a divorce, and that the plaintiff was not entitled to recover alimony. He adjudged the care and custody of the child to the plaintiff, Catherine Austin, and ordered the defendant to pay to her as maintenance for the child the sum of $25 a month, and further adjudged that she recover her costs, including an attorney fee of $100. The plaintiff has appealed, and is insisting that the evidence establishes that the appellee has been guilty of cruel and inhuman treatment, and that the court erred in refusing to grant her an absolute divorce and to allow her alimony in a reasonable sum.

Appellant's testimony concerning appellee's mistreatment of her is devoted chiefly to occurrences prior to the first separation. She testified that he accused her of misconduct with another man, and, in the resulting altercation, struck her. This led to the first separation. They became reconciled, however, and she returned to his home and they lived together for more than three years. She testified concerning a few instances of mistreatment after her return when appellee cursed and abused her. She stated that he never mistreated her when he was sober, but that he drank excessively and

was quarrelsome when under the influence of liquor. Appellee categorically denied all charges of mistreatment. Appellant introduced a number of neighbors, some of whom were frequently in her home. All of them testified that she was a refined, cultured woman, and apparently a devoted wife and mother. They also, with one exception, testified that they knew of no misconduct on the part of appellee, and that the relations between him and appellant apparently were amicable. Mrs. Guy Preston, whose home adjoined the Austin home, testified that she heard appellee curse appellant and on one occasion heard him threaten her life. She was unable to fix the date. She had seen him when he was apparently under the influence of liquor.

A careful examination of the record convinces us that the chancellor properly refused to grant appellant an absolute divorce. The evidence as to appellee's habit of drinking to excess is not convincing. He was able to retain a responsible position and worked regularly, and if he had been addicted to such a habit it is strange that it was not known to his nearest neighbors. Most of the evidence on mistreatment related to incidents occurring before the first separation in January, 1933. It is apparent, however, that appellee failed to treat appellant with the consideration to which she was entitled, and, while her action in abandoning him in June, 1936, may have been somewhat precipitate and not wholly justified, yet her action was not such as to forfeit her right to alimony. We think the chancellor should have granted the appellant a divorce a mensa et thoro, and allowed her alimony in the sum of $25 a month in addition to the allowance of $25 for the maintenance of the child.

The judgment is reversed, with directions to enter a judgment in conformity herewith.