## Collins v. Collins.

June 13, 1939.

Churchill Humphrey, Judge.

J. L. Richardson, Jr., for appellant.

John J. Davis for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming on cross-appeal and reversing on original appeal.

Appellant, Abbie E. Collins, and appellee, Logan A. Collins, were married February 26, 1927, and lived together as husband and wife until February 14, 1937. They have one child, Logan E. Collins, who was born January 23, 1928. Appellant brought this action for divorce on the ground of cruel and inhuman treatment. The chancellor rendered a judgment granting her an absolute divorce and awarding her custody of the child and $5 a week for his maintenance. He also adjudged that she recover alimony in the sum of $5 a week for a period of one year from the entry of the judgment, and $50 attorneys' fees. She has appealed, and the defendant has prayed and has been granted a cross-appeal.

Appellant complains only of that part of the judgment awarding her alimony, and she insists that the allowance should be increased to $8 a week and the payment should not be limited to a period of one year. In her brief she argues that the allowance of $50 for her attorneys should be increased, but, since the filing of her brief, an agreed order has been entered dismissing so much of the appeal as sought an additional allowance of attorney fees. On his cross-appeal, appellee insists that the evidence was insufficient to authorize the granting of a divorce to appellant, but, on the other hand, shows that she abandoned him without cause, and therefore she is not entitled to alimony in any sum.

The evidence as to the beginning and growth of the trouble between these parties is meager, but the record presents a picture of cooling affections replaced at last by complete indifference on the part of each. One source of irritation between them was the relation existing between each and the other's parents. Appellant and appellee's father were unfriendly as were appellee and appellant's mother. It would serve no useful purpose to review in detail the evidence, but it is sufficient to say that appellant claimed appellee was moody and quarrelsome, and during the last year they lived together was

abusive and neglectful and went out three or four nights each week, leaving her and the child alone in the house. In his testimony he categorically denied all her charges, and stated that she went to her parents during the 1937 flood when they were compelled to abandon their home on account of the high water, and that she refused to return and live with him thereafter. Appellant was corroborated to some extent by her son, Logan E. Collins, her mother, Mrs. Lena LeVake, and also by one of appellee's witnesses who had lived in an apartment in the house occupied by appellant and appellee during the year prior to the separation. While the evidence is not entirely satisfactory, yet we think it was sufficient to authorize the divorce.

Appellee is employed by the K. & I. Railway Company as a clerk, and earns $25.30 a week. He has been living with his father since the separation, and appellant and her son have been living with her parents. They owned no property except a small amount of furniture which was badly damaged by the flood waters. The commissioner who heard the evidence, and whose report was confirmed by the chancellor, recommended that the appellant be allowed $5 weekly for a period of one year as alimony. Apparently he was of the opinion that the payment of alimony should be limited to one year because appellant before her marriage had been employed as a stenographer and she could again obtain employment and become self-supporting. In the course of his report, he said:

"The plaintiff is still young, only 31 years of age, in good health, lives at home with her parents and has worked as a stenographer in the past. She is capable of making her own living, but will have to brush up on her work and will have to have some help during this period of readjustment. In view of her desire for freedom from the bonds of matrimony, her ability to again support herself in time, and in view of the limited income of the defendant and in the light of all the evidence, your Commissioner recommends that the present temporary allowance of $5.00 per week be continued for a period of one year, after which it will be terminated."

If the evidence authorizes the granting of a divorce to the wife, the right to alimony follows as a matter of course. Walden v. Walden, 250 Ky. 379, 63 S. W. (2d) 290; Littleton v. Littleton, 229 Ky. 353, 17 S. W. (2d)

204; Miller v. Miller, 224 Ky. 234, 5 S. W. (2d) 1041; Lowry v. Lowry, 209 Ky. 257, 272 S. W. 736; Jones v. Jones, 205 Ky. 538, 266 S. W. 48; Day v. Day, 168 Ky. 68, 181 S. W. 937. A wife may be entitled to alimony although the evidence is not sufficient to warrant the granting of an absolute divorce. Austin v. Austin, 277 Ky. 497, 126 S. W. (2d) 1097. Alimony is that provision which the law makes for the support of the wife in lieu of the husband's common-law obligation to support her if they had continued living together. Metcalf v. Metcalf, 244 Ky. 536, 51 S. W. (2d) 675; Muir v. Muir, 133 Ky. 125, 92 S. W. 314, 4 L. R. A., N. S., 909. A wife should not be denied alimony merely because she may be able to obtain employment and support herself. In fixing the allowance, her age, health, and means to support herself may be considered as well as the husband's income, earning capacity, health, age, and ability to labor, but she should not be required to assume the risks of illness and unemployment. In view of the evidence and the rules governing the allowance of alimony, we think the allowance of $5 weekly to appellant, in addition to the $5 weekly allowed as maintenance for the child, is fair and reasonable, but the weekly payments of alimony should be continued until her remarriage or until further orders of the court.

The judgment is affirmed on the cross-appeal, and reversed on the original appeal, with directions to enter a judgment in accordance herewith.