## Perkins v. Perkins.

Dec. 14, 1943.

194

D. G. Boleyn, Murray L. Brown and Sylvester V. Little for appellant.

E. B. Rose for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellant and appellee were married in 1928. On August 9, 1939, appellee sued the appellant for divorce on the ground of cruel and inhuman treatment, and in her answer and counterclaim the appellant sought a divorce on the same ground and asked for alimony. A judgment was rendered divorcing the parties and it was further adjudged that Alpha Gay Perkins recover of Thomas E. Perkins the sum of $75, money which he had borrowed from her. The court failed to allow the defendant any alimony, and she has appealed.

At the time of the marriage appellant was a school teacher, 30 years of age, and the appellee was a railroad telegraph operator, 37 years of age, and a widower with two children by his first marriage, seven and four years of age, respectively. His first wife died in 1925, and, at her request, her sister, who lived in Corbin, Kentucky, took the two children into her home. Both of the children were girls, and they continued to live with their aunt in Corbin and attended school there. Appellant and appellee lived in Krypton, a small village in Perry county, where appellee was employed as a telegraph operator until January, 1933, when they moved to a farm owned by him in Lee county. The children spent the summer vacations with their father and stepmother until the separation. Appellee attempted to show that his wife mistreated the children when they were in the home, but his claim of unkind treatment was based on a few trivial incidents occurring over a period of eleven years. A large amount of proof was taken by the parties, but, at most, it showed that their relations were not as harmonious as they might have been. On the submission of the case, the court adjudged that "the bonds of matrimony heretofore existing between plaintiff and defendant be and they are hereby dissolved, cancelled and set aside and that the plaintiff, Thomas E. Perkins and the defendant, Alpha G. Perkins be, and they are hereby divorced from each other, and restored to all the rights and privileges of single and unmarried people."

Whether or not the evidence authorized an absolute divorce is an extremely doubtful question, but if one was authorized it should have been granted to the appellant. The friction that existed undoubtedly was caused by appellee's unreasonable attitude. He admitted that on one occasion he choked his wife severely, and that on another he slapped her in the presence of others. She testified that her face was bruised, and that she was confined to the house for two or three days. It would serve no useful purpose to recount the evidence, and none has been pointed out which tends to show any fault on the part of appellant sufficient to deprive her of her right to alimony. Appellee owns a farm worth $4,000 and a $1,000 paid-up insurance policy. During the depression he worked very little as a telegraph operator though he was subject to call. During the year prior to the time when he testified, he worked for the railroad about two months. When he is employed his salary amounts to $135 a month. During the eleven years of her married life appellant taught school seven years and earned approximately $4,000. She owns a farm in Laurel county worth $2,500 to $3,000. She has no other property. Appellee's argument that she has estate of her own sufficient for her support obviously is untenable. It is true that she is qualified to teach, but as said in Collins v. Collins, 279 Ky. 139, 130 S. W. (2d) 37, 38: "A wife should not be denied alimony merely because she may be able to obtain employment and support herself. In fixing the allowance, her age, health, and means to support herself may be considered as well as the husband's income, earning capacity, health, age, and ability to labor, but she should not be required to assume the risks of illness and unemployment."

We think that the chancellor should have allowed appellant permanent alimony in the sum of $1,000.

The judgment is reversed, with directions to enter a judgment in accordance herewith.