## Mattick v. Mattick.

February 11, 1947.

Ward Yager, Judge.

John M. Berry for appellant.

No brief for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

J. C. Mattick and Edna Davis Mattick were married November 20, 1921. They have one child, Joe Davis Mattick, who was born in 1934. On October 28, 1944, J. C. Mattick brought an action for divorce in which he alleged that he and his wife had lived separate and apart for more than five years. In her answer and counterclaim Mrs. Mattick alleged that she and the plaintiff lived together as husband and wife from the date of their marriage until January 15, 1941, when the plaintiff abandoned her. She also alleged that the plaintiff had been guilty of cruel and inhuman treatment, and she prayed for a divorce, custody of the child, and alimony. In a reply the plaintiff admitted that the defendant was a

fit and proper person to have the custody of the child, but asked that he be granted the privilege of seeing the child at reasonable times and places. The court granted the defendant a divorce upon her counterclaim and awarded the custody of the child to her, the plaintiff to have the privilege of seeing and having the child in his possession at such reasonable intervals as will not interfere with the child's welfare and education. The court awarded the defendant alimony in the sum of $2,241 subject to a credit of $1,241. The credit consisted of $500, the value of certain furniture in her possession, and $741 in money theretofore received from the plaintiff. It was also adjudged that the plaintiff should pay to the defendant the sum of $30 a month, beginning August 1, 1945, for the support and education of their son, Joe Davis Mattick. She was allowed the further sum of $125 for her attorney. The defendant has appealed from so much of the judgment as allows her only $2,241 as alimony.

The record fails to disclose any difficulty between these parties while they lived together. During the first year of their married life they lived with plaintiff's foster parents at Prestonsville, a village near Carrollton, Kentucky. They then moved to Carrollton and lived with defendant's parents until 1932. From 1932 to 1936 they lived in Covington, Kentucky, where plaintiff was employed by the State Highway Department. He lost his position, and they returned to Carroll county and, by mutual agreement, plaintiff went to the home of his foster mother at Prestonsville and defendant to the home of her parents, Mr. and Mrs. Joe Davis, in Carrollton to live. Plaintiff was a frequent visitor to the Davis home for awhile, but his visits became more and more infrequent and ceased in 1941. The parties slowly drifted apart and their affection for each other finally vanished. The situation is an unfortunate one, but the only question presented by this appeal is the correctness of the court's allowance of alimony.

There is a relatively small difference between the respective estimates of plaintiff's property holdings and earnings. According to his own testimony, he owns a house and lot in Carrollton worth $7,000, a lot in Prestonsville worth $450, another lot worth $325, $800 in cash, and $741 owing to him by his wife. He owns a

one-half interest in $1,500, the proceeds of sale of a right of way to the State Highway Department, subject to his foster mother's life estate. He has a $2,500 twenty-pay life insurance policy issued in 1932, the cash surrender value of which should be at least $1,000. He also owns $500 worth of furniture which the court awarded to the defendant. Mrs. Mattick introduced considerable testimony tending to show that the value of the house and lot in Carrollton is $10,000. Plaintiff's net estate is between $12,000 and $15,000. His salary at the time he testified was $110 a month, and the net rental from his real estate amounted to $524 annually. Mrs. Mattick owns no property, but has on deposit in her name in a savings account in a Carrollton bank $741 which belonged to her husband. There was no showing of moral delinquency or fault on the part of Mrs. Mattick, and she is entitled to a reasonable allowance of alimony in lieu of her husband's common-law obligation to support her had they continued to live together. Collins v. Collins, 279 Ky. 139, 130 S. W. 2d 37. Under the circumstances, we think the court should have awarded alimony in the sum of $3,500, subject to the credit of $1,241. The allowances of $30 a month for the support and education of the child and $125 as attorney's fee are not questioned.

The judgment is reversed with directions to enter a judgment in conformity herewith.