## Huffman v. Huffman.

June 17, 1949.

Lovel H. Liles and Thomas E. Nickel for appellant.

R. H. Riggs for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

Another divorce action. Both plaintiff and defendant below appear to be aggrieved. Defendant prosecutes this appeal and the plaintiff prosecutes his cross-appeal.

The parties were married in 1924. Two girls were born into the family. They were 21 and 16 years of age

respectively at the time of the commencement of this action. The husband instituted action for absolute divorce on the ground of cruel and inhuman treatment. The wife answered denying the allegations of her husband's petition and by counterclaim asked for divorce from bed and board on the grounds of cruel and inhuman treatment and habitual drunkenness. She prayed for temporary and permanent alimony; maintenance for their infant child, Frances Huffman; permission to occupy as a home the property located on Chinn Street in Raceland; and for other relief.

An order was entered wherein it was agreed that the wife and the children should continue to occupy the home during the pendency of the action, and that the husband would pay the utility bills and temporary alimony in the sum of $60 per month.

On final hearing the court found both parties to be at fault, dismissed the plaintiff's petition, the counterclaim of the defendant, and refused to make any allowance for alimony or maintenance and support for the infant child, but did, however, require the plaintiff to pay the cost of the action, including an attorney fee for the defendant.

The defendant appeals insisting that the court erred (1) in refusing to fix an allowance for the support of the infant daughter now in custody of appellant; (2) in refusing to grant appellant a divorce from bed and board; and (3) in refusing to fix any alimony for appellant.

The plaintiff below cross-appeals insisting (1) that he was entitled to an absolute divorce; (2) that he was entitled to a settlement of all property rights between him and his wife; and (3) that the right of dower of appellant in his real estate be barred.

It would serve no particularly useful purpose here to set out in detail the harangues, quarrels and alleged misconduct of the parties herein. These parties have been living together as husband and wife for approximately 25 years. They have two daughters, now approximately 23 and 18 years of age respectively.

This record would possibly support the chancellor in finding that each of the parties was partially at fault.

It is conceded by appellee that the infant daughter lives with the mother. The maintenance and support of this infant daughter is the father's responsibility. If the father and mother continue living apart and the daughter remains with the mother, the court should have made some provision for the maintenance of this daughter.

Whether or not the fact that appellee was addicted to the use of intoxicating liquors and did a bit of stepping around were the ultimate and precipitating causes of the final breach, we cannot say. But, it is apparent from this record that these were certainly contributing factors. Apparently because the wife remonstrated about his actions, the husband charges her with nagging and fussing. Anyway, as a result of their difficulty, the husband left the home, went to live with his mother, and immediately brought this action.

By counterclaim the wife charged that the plaintiff mistreated and abused her and also that he was given to habitual drunkenness and association with other women. She did not desire an absolute divorce from him but did ask for some relief in the form of a divorce from bed and board. Under this evidence she was entitled to that relief.

In Austin v. Austin, 277 Ky. 497, 126 S. W. 2d 1097, 1098, we dealt with a similar situation. As in this case, neither the husband nor the wife was granted a divorce. In reversing and holding that the chancellor should have granted a divorce a mensa et thoro, we said:

"A careful examination of the record convinces us that the chancellor properly refused to grant appellant an absolute divorce. The evidence as to appellee's habit of drinking to excess is not convincing. He was able to retain a responsible position and worked regularly, and if he had been addicted to such a habit it is strange that it was not known to his nearest neighbors. Most of the evidence on mistreatment related to incidents occurring before the first separation in January, 1933. It is apparent, however, that appellee failed to treat appellant with the consideration to which she was entitled, and, while her action in abandoning him in June, 1936, may have been somewhat precipitate and not wholly justified, yet her action was not such as to forfeit her right to

alimony. We think the chancellor should have granted the appellant a divorce a mensa et thoro, and allowed her alimony in the sum of $25 a month in addition to the allowance of $25 for the maintenance of the child.''

See also Quinn v. Quinn, 279 Ky. 286, 130 S. W. 2d 834.

It is lastly insisted by appellant that she was entitled to alimony and occupancy of the home. Having held that the wife was entitled to relief in the form of a divorce from bed and board, it would follow that she was entitled to an allowance for maintenance. This is true even though she may not have been entitled to a divorce. In Pelphrey v. Pelphrey, 231 Ky. 80, 21 S. W. 2d 122, it was very clearly set out that a wife's right to maintenance is based upon the husband's duty to maintain her. In that case we said:

"The right to maintain a suit for alimony is founded on the duty of a husband to maintain his wife, and such a suit affords a means by which she can require the husband to discharge his legal obligation without affecting in any way the marital status. George v. George, 190 Ky. 706, 228 S. W. 408, 39 A. L. R. 700. The evidence clearly was not sufficient to justify a divorce, but that does not prevent recovery of alimony.''

In Luke v. Luke, 276 Ky. 683, 125 S. W. 2d 251, 253, we said:

"But accepting the chancellor's opinion as to the joint responsibility of the parties and that the wife did not prove her right to a divorce, in either event, this court is warranted in awarding her alimony and maintenance. The right thereto is founded on the husband's duty to maintain his wife.''

In Asbury v. Asbury, 221 Ky. 744, 299 S. W. 723, another case where both husband and wife were denied divorce, and the wife was allowed alimony, we said in affirming:

"* * * But, even if she is not entitled to a divorce, yet she may be entitled to alimony. The evidence shows that the appellant, at least, was a substantial participant in the shortcomings which he claims led up to the separation between him and his wife. No moral delinquency

is shown upon her part. The award of alimony, therefore, was proper; nor can we say it was excessive.''

See also Sharp v. Sharp, 302 Ky. 426, 194 S. W. 2d 835; Baldridge v. Baldridge, 306 Ky. 583, 208 S. W. 2d 741; and Green v. Green, 152 Ky. 486, 153 S. W. 775.

Clearly under the law and the facts here the court should have made an allowance for maintenance of the wife. According to this evidence the husband's income is approximately $3,000 per year. $50 for the maintenance of the daughter, and $50 for the wife, or a total of $100 per month would be reasonable. We think less difficulty would ensue by making the allowance as above than would by permitting her to stay in the home and making the allowance proportionately lower.

Thus concluding, it is unnecessary to discuss the questions raised on the cross-appeal, other than to say we find no merit in them.

Wherefore, the judgment is reversed with directions to enter a judgment granting the wife a divorce a mensa et thoro and maintenance for herself and infant daughter as set out above.