Ralph Edgar FRANCISCO, Appellant,

v.

Beatrice FRANCISCO, Appellee.

Court of Appeals of Kentucky.

Jan. 22, 1960.

Francis Dale Burke, Pikeville, for appellee.

Dan Jack Combs, Pikeville, for appellant.

CULLEN, Commissioner.

Beatrice Francisco was granted a divorce from her husband, Ralph, on the ground of

adultery. The judgment directed that the husband pay debts of the wife in the amount of $942.84, by way of a lump sum partial alimony allowance, and reserved for future consideration the question of awarding monthly alimony payments. The husband has appealed, claiming that no alimony should have been awarded.

The appellant presents three arguments in support of his contention that no alimony should have been awarded. The first is that the ground on which the divorce was granted was not sufficiently or properly proved, and therefore there was no proper basis on which to adjudge alimony. However, we are of the opinion that there was ample proof to sustain the charge of adultery and to support the judgment of divorce.

The second argument is that the wife, being employed as a school teacher and having some real estate interests, has sufficient estate of her own. It appears, however, that the wife's real estate interests are not sufficient to maintain her, and she must depend upon her earnings as a school teacher. The fact that the wife is able to support herself by engaging in employment is not a basis for denying alimony. Perkins v. Perkins, 296 Ky. 193, 176 S.W. 2d 406; Collins v. Collins, 279 Ky. 139, 130 S.W.2d 37.

The third argument is that the husband, because of a low income and an accumulation of debts and obligations, is simply unable to pay any alimony. The evidence is that the husband earns around $300 per month as a salesman, has debts in the neighborhood of $5000, and is required to pay $20 per month towards the support of a child by a former marriage. A substantial portion of his debt obligation consists of the balance due on the purchase price of an expensive automobile. We do not conceive that obligations to others are to be given precedence over the obligation created by marriage to support the wife. It is incumbent upon the husband to so

adjust his financial affairs as to make provision for meeting a reasonable obligation of support. Furthermore, it appears here that the debts of the wife which the husband has been ordered to pay by way of alimony are such as normally should have been his obligation in the first instance.

The appellant makes some complaint of the fact that the court reserved the question of future monthly payments. However, it has been held proper so to defer the question of alimony, awaiting an improvement in the husband's financial condition. Lester v. Lester, 296 Ky. 691, 178 S.W.2d 423. And it has been held that monthly alimony may be awarded in addition to a lump sum. Whitaker v. Whitaker, 298 Ky. 590, 183 S.W.2d 623

The appellee and her attorney have moved this Court to enter an order allowing a reasonable fee to the attorney for his services in connection with the appeal. Under the decision in Bobbitt v. Bobbitt, 297 Ky. 28, 178 S.W.2d 986, this is a matter to be addressed to the circuit court. Accordingly, the motion is overruled.

The judgment is affirmed.