Anne P. LINDSEY et al., Appellants,

v.

Robert G. LINDSEY, Appellee.

Court of Appeals of Kentucky.

June 22, 1962.

Terry L. Hatchett, Glasgow, for appellants.

Wilson & Nunn, Glasgow, B. M. Vincent, Brownsville, for appellee.

STANLEY, Commissioner.

In adjudging the appellant, Anne P. Lindsey, a divorce from the appellee, Robert G. Lindsey, the court awarded her alimony of $500 and the furniture she had kept when they separated. Included in the costs adjudged payable by the husband was an attorney's fee of $250. The plaintiff and her attorney have appealed and maintain that the allowances are too little.

The parties were married in September, 1953, when he was 22 and she was 19 years old. Both were working at the Mammoth Cave National Park. He was a graduate of Georgetown College and had obtained some kind of scholarship or assistance for further education, looking to a master's degree. He left the college in Louisiana in about nine months without having accomplished his purpose. Soon afterward he entered the military service. The young couple had been materially helped by their parents, but during these earlier years they lived frugally and the wife worked quite continuously and in a large measure had contributed to the support of both her husband and herself. We need not describe the vicissitudes or struggles of the young couple. Finally they moved to Louisville and both obtained employment. She gave up her job in the latter part of 1959, returned to her parents' home in Glasgow and brought the suit for divorce on the ground of cruel treatment and settled aversion. No children were born of the marriage.

The judgment of divorce obviously places greater, if not entire, culpability on the husband. The evidence sustains that

aspect of the case. Our concern is the amount of alimony and the fee for the wife's attorney allowed under the provisions of KRS 453.120.

At the time of the trial, early in 1960, the husband was 28 and his wife 25 years old. He had a managerial job with Sears Roebuck and Company and received a basic salary of $75 a week and a percentage of the gross sales of his department. He testified his gross pay for the year 1959 was a little more than $5,900. From that were deducted taxes, etc., of around $1,000. While the wife is young and experienced in mercantile or commercial work, that fact does not relieve the husband of all marital financial responsibility which he assumed. Maher v. Maher, 295 Ky. 263, 174 S.W.2d 289; Francisco v. Francisco, Ky., 331 S.W.2d 279.

The husband estimated the value of the furniture which his wife took with her as $2,400 or $2,500. Her statement is undenied that he had kept items of furniture received from his parents and she had taken that given to her by her parents or that which she had largely paid for out of her earnings at a cost of $1,000. She went into detail as to the items.

We need not reiterate the factors which the court considers in allowing alimony. Here we have a young man with take-home pay or net earnings of $400 or more a month and yet was adjudged to pay his former wife but little more than one month's net income and then go scot-free of financial responsibility. The regular circuit judge had awarded her $25 a week as temporary alimony. We conclude without difficulty that $1,500 is a fair alimony, which the court should adjudge.

Mr. Hatchett, in representing the wife, had to deal with injunction and attachment proceedings as well as the taking of several depositions on different occasions. The schedule of minimum fees promulgated by the State Bar Association fixes $200 for a contested divorce case. But

other minimum charges for special services are also listed. On the whole record we are of opinion that the attorney's fee in this case should be $350 instead of $250.

The judgment is reversed with directions to enter another in accordance with this opinion.