**Mary D. JOHNSON, Appellant,**

v.

**William Joseph JOHNSON, Appellee.**

Court of Appeals of Kentucky.

March 14, 1969.

Herschel Wooldridge, Louisville, for appellant.

Anthony R. Hellmann, Louisville, for appellee.

WADDILL, Commissioner.

Appellant, Mary Johnson, and appellee, William Johnson, were married January 17, 1946, and lived together until January 3, 1966. They have five children, two of whom are adults and self-supporting. The three younger children are Elaine, who has become eighteen years of age during the pendency of this litigation, Laura and Vivian, who are eight and four years of age respectively.

Appellant brought this action seeking a divorce, alimony, custody of their infant children and allowance for their support. Appellee filed a counterclaim in which he sought a divorce and custody of the children. He also asked that he be adjudged the sole owner of the real and personal property he had acquired during the marriage.

The chancellor granted appellant an absolute divorce and lump sum alimony of $8,500.00, subject to a credit of $1,000.00 which represented the value of certain personal property awarded her. The chancellor ordered the alimony payable at the rate of $75.00 per month for eight years and $25.00 per month thereafter until paid, all payments to bear no interest. These alimony payments were made subject to a further credit of $25.00 for each month that appellant occupies a house owned by appellee located at 530 Huron Avenue, Louisville, Kentucky. A lien was retained on this property in favor of appellant until provisions of the judgment were complied with.

The chancellor granted appellant and her children the exclusive privilege of occupying the Huron Avenue property until sixty days after their youngest child reaches the age of eighteen years. The judgment provided that in the event appellant occupies the Huron Avenue property she is required to pay the taxes, keep the property in good repair and to provide adequate fire and extended insurance coverage on the house.

The chancellor awarded appellant the sum of $10.00 per week for maintenance of each child under eighteen years of age, but provided that in the event the children occupied the Huron property, appellee should have a credit of $50.00 a month against the sum allowed for their support.

The chancellor ordered each party to restore to the other party all property obtained directly or indirectly from the other by reason of the marriage and directed the appellant to permit appellee to visit with his children at reasonable times. Appellee was directed to pay the costs of the action and to make a contribution of $500.00 toward the payment of appellant's attorney's fee.

Appellant contends that the sums allowed as alimony and as maintenance for the children are wholly inadequate. It is further insisted that she should be given the free, exclusive possession of the Huron Avenue property for her lifetime and that the contribution of $500.00 that appellee is required to make toward paying the fee of her attorney should be increased to $1,000.00. On the other side of the case appellee contends he is unable to pay any larger amount either as alimony or as support for his children. He claims his health is not good and that his personal expenses and the payment of his obligations consume all of his available income.

Appellee is presently employed as a dry wall contractor and his monthly income from his business is approximately $350.00. He owns two homes in Louisville, one located at 530 Huron Avenue valued at $12,000.00 and one located at 314 Wampum

Street valued at $7,600.00. The latter property is presently being rented for $60.00 per month. However, $47.00 of the rent is pledged to liquidate a mortgage note, the last payment being due in July 1970.

If the evidence authorizes the granting of a divorce to the wife and she does not have sufficient estate of her own, she may obtain an equitable sum from her husband as alimony. KRS 403.060(1); Collins v. Collins, 279 Ky. 139, 130 S.W.2d 37. Since appellant qualifies for an allowance of alimony we view the evidence to ascertain whether the allowance that was made is reasonably sufficient in the circumstances presented.

Appellant and appellee have been married for over twenty years and have five children. Appellant has not only served as a mother and housewife but has assisted appellee with his business by acting as bookkeeper. Appellant has no money or property and is apparently a poor prospect for gainful employment. She yet has to rear two young children.

Under the judgment appellant will receive about $137.00 ($50.00 alimony and $87.00 child support) monthly if she occupies the 530 Huron Avenue property. This sum is insufficient to care for appellant's actual needs and therefore does not constitute an equitable allowance of alimony. To improve her financial condition we believe she should not be required to pay to occupy her husband's property at 530 Huron Avenue, nor should she be made to pay the taxes, insurance or maintenance on this property. The chancellor shall also delete from the judgment the direction that appellant should vacate the property at 530 Huron Avenue when the youngest child reaches eighteen years of age. We think it would be better to leave this matter open for future orders of the court. The chancellor will amend the judgment to conform with these views.

The sum provided in the judgment for the support of Laura and Vivian is insufficient for their support. Insufficient support of infant children means to us there has been a failure to support them. The claim that appellee is financially unable to pay a larger amount for their support is not an acceptable excuse. As pointed out in Robinson v. Robinson, Ky., 363 S.W.2d 111, an able-bodied father must support his children irrespective of the amount of his earnings or his financial obligations. Also see KRS 403.070. Since appellee is able-bodied, even though he may have some back trouble, he must be required to adequately support these infants.

We have decided that under this record he should pay appellant $100.00 per month for the support of Laura and Vivian, this sum to be reduced to $50.00 per month when Laura reaches her eighteenth birthday. The chancellor will accordingly change the judgment.

As concerns the claim for an allowance of an additional attorney's fee it is sufficient to observe that this matter has not been preserved for appellate review because appellant's attorney is not a party to the appeal. Tyler v. Bryant, Ky., 394 S.W.2d 454. We observe, however, that if the matter were properly before us for review we would be unwilling to say the chancellor had abused his discretion in this respect.

To the extent indicated herein the judgment is found by this court to be clearly erroneous.

The judgment is affirmed in part and reversed in part, and the case is remanded to the Jefferson Circuit Court with directions to revise the judgment in accordance with the conclusions reached in this opinion.

All concur.